### GREAT AMERICAN INDEMNITY CO.
### v. CORMIER et al.

No. 13250.

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1951.

Rehearing Denied March 26, 1951.

---

108

J. J. Davidson, Jr., Lafayette, La., for appellant.

Robert F. DeJean, Opelousas, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment against appellant in a suit for personal injuries and property damage resulting from an automobile accident that occurred on October 10, 1947. Appellee Cormier, accompanied by appellees Richard and Sonnier, was driving his car in a northerly direction on Main Street of the Town of Opelousas, Louisiana, on the night of the Yambilee celebration; a truck belonging to Cotton Products, Inc., appellant's insured, was stopped on said street with about three or four feet of its trailer protruding into appellees' lane of travel, in violation of a city ordinance. Cormier's automobile ran into the rear end of the stopped truck, causing damage to his automobile and personal injuries to the other occupants thereof. Suit was brought to recover damages for the injuries sustained; and, at the conclusion of the appellees' case, and again at the close of all the evidence, appellant moved for a directed verdict on the ground that appellees had failed to meet the burden of proof imposed upon them. The trial judge overruled appellant's motions, and the issues as to negligence and contributory negligence were presented to the jury, which returned a verdict in favor of appellees.

The decisive question before us is whether the appellees were guilty of contributory negligence as a matter of law. It is well settled in Louisiana that a motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he can stop within the range of his vision; but, if there are unusual circumstances, the failure of the driver to see may be excused; for example, where the vision of the driver is impaired suddenly and without warning. In the present case there was evidence that Cormier was blinded by the lights of an approaching automobile. Viewing the evidence most favorably to him, and assuming that he was blinded, was that blinding of such emergent character that would excuse his failure to see the truck, which was stopped three to four feet in his lane of travel? We think so.

The jury was presented facts showing that a 36,000 pound truck was unlawfully stopped from three to four feet in appellees' lane of travel, about 125 to 170 feet from the beginning of a curve in the road; that, due to the obtuseness of the curve, it was difficult for the appellee, as he approached the truck, to see an on-coming

car around the curve; that both cars dimmed their lights; that, due to the height of the body of the truck from the ground, appellees' lights could have projected under the truck; that appellee Cormier, immediately after the on-coming car had passed, saw the unlighted truck directly in front of him, but ran into it before he could stop. In situations like this, the jurors are the judges of the facts and the inference to be drawn therefrom. They heard the testimony and saw the witnesses. It was within their province to determine the position of the on-coming car as it negotiated the curve in the road, and the approximate point at which its lights had a blinding effect on appellee Cormier. They found that these facts presented such an unusual situation that Cormier should be excused from failing to see the truck in time to avoid the collision.

There is ample evidence in the record to support the findings of the jury that appellant was negligent; that such negligence was the proximate cause of the injuries; and that appellees were not guilty of contributory negligence. The judgment appealed from is affirmed.

Affirmed.