**JEFFERSON COUNTY DRAINAGE DIST. NO. 7 v. HEBERT et al.**

**No. 9991.**

Court of Civil Appeals of Texas. Austin.

Nov. 28, 1951.

Rehearing Denied Dec. 19, 1951.

J. W. Williams and Carruth & Gray, Port Arthur, Cecil, Keith & Mehaffy, Beaumont, James D. McNicholas and Quentin Keith, Beaumont, of counsel, for appellant.

Baker, Vaughan & Black, Port Arthur, Earl Black, Port Arthur, of counsel, for appellees.

GRAY, Justice.

Appellees sued appellant for damages to land caused by the construction of a drainage ditch which emptied water upon the land causing it to cave in and erode. Appellant interpleaded Jefferson County and the City of Port Neches. Appellees then amended and sought a recovery of damages against all three defendants. Upon a jury trial the trial court rendered a judgment favorable to the city upon a peremptory instruction, and, upon jury findings favorable to the county but adverse to appellant, a recovery of damages was allowed appellees as against appellant. Only the appellant has appealed.

The tract of land involved is within the corporate limits of the City of Port Neches, Texas; it is a part of the New Texas Addition to that city, and is triangular in shape. It fronts on Port Neches Avenue, a distance of approximately two hundred feet, with the apex of the triangle approximately three hundred and fifty feet to the north. Port Neches Avenue runs from the southwest to the northeast, and the land is on its northerly side.

The drainage ditch alleged to have caused appellees' damages was dug by appellant; it was about fifteen feet wide and about ten feet deep; it came up to Port Neches Avenue opposite appellees' land; a large storm sewer was laid under the avenue through which the water from the ditch emptied onto appellees' land; the ditch was not dug across the land but the digging thereof was resumed by appellant on the opposite side. A ditch about thirty feet wide, ten feet deep, and two hundred feet long has been washed out entirely across the land and its sides are continually eroding and caving in. Appellees alleged that this condition did not exist prior to the digging of the ditch by appellant; that their land was valuable business property; that the damage is permanent, and that the causing of an excessive amount of water to be cast upon their land has caused the ditch to be cut across it to their damage. It was alleged and appellee, Wilton P. Hebert, testified that appellant's acts were done without appellees' consent.

It appears that appellee, Wilton P. Hebert, and associates, developed the New Texas Addition and that Hebert later acquired the land involved. Prior to 1943 or 1944 the water did not drain across this land but then ran across the New Texas Addition which lies to the north. The water south of Port Neches Avenue was brought under the avenue through a culvert two or three blocks easterly from the land here involved, it then ran across the addition and found its way to the Neches River. The culvert here mentioned appears to have been changed to a storm sewer but water still passes under the avenue at that point. In 1943 or 1944 Jefferson County opened drains along, or to, Port Neches Avenue, placed a storm sewer under the avenue and crossed appellees' land with a dragline ditch. The water thus collected passed over the land through this dragline

ditch. This condition and drainage continued until 1949 or 1950, when appellant dug the ditches and put in the storm sewer here complained of. The storm sewer placed under the avenue by Jefferson County is still there, the one placed by appellant is near to it, and the ditch across appellees' land and here complained of is along the dragline ditch dug by the county. Apparently from 1943 or 1944 to 1949 or 1950 appellees' land did not erode or cave in, but after that time the dragline ditch was not sufficient to carry the water cast upon the land and appellees' damage resulted.

In the trial court's charge to the jury he submitted (with others) special issues Nos. 4, 5, and 6. No. 4 inquired if the placing of the storm sewer by appellant under the avenue increased the flow of water on and across appellees' land. Conditioned upon a "Yes" answer to No. 4, the jury was instructed to answer No. 5, which inquired if such increased flow of water, if any, damaged the land. Conditioned on a "Yes" answer to No. 5, the jury was instructed to answer No. 6—the damage issue. It was:

"From a preponderance of the evidence, what sum of money, if any, do you find would reasonably compensate plaintiffs for the damages, if any, caused to said land by such increased flow of water, if any?

"Answer by stating the amount, if any, in dollars and cents."

The jury answered $13,000.

No objection was made to the issues as submitted and no explanatory instruction was requested and none was given in connection with the issue.

In its amended motion for a new trial, appellant complained that the trial court committed fundamental error in submitting the damage issue without giving an explanatory charge to guide the jury in assessing the damages. Such failure is here assigned as fundamental error.

Prior to the adoption of the present Rules of Civil Procedure, the failure of the trial court to charge the jury upon the measure of damages was fundamental error. 3–B Tex.Jur. Sec. 698, p. 53, and authorities cited in note 9. However at the present time the question is controlled by Rule 374, Texas Rules of Civil Procedure.

In Edgar v. Schmidt, Tex.Civ.App., 243 S.W.2d 414, Justice Hughes considered the question of whether or not fundamental error was presented by the failure of the trial court's judgment (entered upon a jury verdict) to allow interest on the amount recovered by appellee as the contract price for making improvements on appellant's property. Appellee did not complain of such failure in the trial court and did not file a motion for new trial. He did however cross assign such failure as error. The opinion cites Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187, 29 Tex. Law Review 369, and holds that since the public interest was not adversely affected fundamental error was not presented. We reach the same conclusion here. The question here presented is controlled by Rules 272, 273, and 279, T.R.C.P.

Appellant took the position before the trial court and makes the argument here that appellees had brought about a change in the natural drainage of the New Texas Addition, and that this change caused the water to flow across appellees' land through the ditch dug thereon by Jefferson County. Appellant requested the trial court to submit the following special issue:

"From a preponderance of the evidence do you find that the natural water course of New Texas Addition was changed and altered?

"Answer 'Yes' or 'No.'"

Conditioned on a "Yes" answer to the foregoing issue, appellant requested the trial court to submit the following issues:

(1) Was such change made at the instance and request of Wilton P. Hebert?

(2) Was the original ditch across the land constructed as a part of the plan to change and alter the natural water course?

(3) Was the change and alteration of the natural water course the sole cause of the damages, if any, to the land?

These requested issues were refused and appellant assigns such refusal as error.

We will examine the record to determine the conditions as they existed when the cause was submitted rather than after the verdict of the jury was received. Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951; State v. Schlick, 142 Tex. 410, 179 S.W.2d 246. Submitted special issue 1–A was:

"From a preponderance of the evidence do you find that plaintiff, Wilton P. Hebert, did not give the county his consent to construct the original ditch across the land in question?

"Answer 'He did' or 'He did not.'"

The evidence is undisputed that in 1943 or 1944 the water course across New Texas Addition was so changed that the water was then caused to flow across the land in question. Then no answers except "Yes" to the requested issue could find support in the evidence. The trial court was required to submit only the disputed issues raised by the evidence and because the requested issue (set out supra) was not a disputed issue, there was no error in the trial court's refusal to submit it. Rule 272, T.R.C.P.

Special Issue No. 1–A submitted by the trial court was a sufficient submission of requested issue (1) supra. It would be difficult to say that "instance and request" is not included in "consent." The evidence as to the existence of a plan of Jefferson County and the City of Port Neches to change the water course across the New Texas Addition and the carrying out of that plan by the placing of the storm sewer under the avenue and the digging of the dragline ditch across appellees' land is not disputed. The only dispute is as to whether it was done with the consent of Wilton P. Hebert which dispute the trial court submitted to the jury by issue No. 1–A, supra. We conclude the refusal of requested issue (2) was not error. As to requested issue (3), the evidence conclusively shows that since 1943 or 1944 the water has been draining along and under the avenue onto appellees' land and has flowed across it through the ditch then placed there by the county. Until 1949 or 1950 no material damage had resulted and there is no evidence of any eroding and caving in of the land prior to that time. It is not argued that the ditch that was dug by appellant was a part of such original plan.

The cause as submitted to the jury was: Did the acts of appellant increase the flow of water onto appellees' land (issue 4); did such increased flow, if any, damage the land (issue 5); and the amount of the damage (issue 6). Prior to 1949 or 1950, the water that accumulated along the avenue and near appellees' land either passed over the land through the ditch dug by the county without causing the damage complained of, or it passed off elsewhere. We think the record clearly presents questions as to whether or not appellant has collected water in the ditch dug by it and has cast it in increased quantities upon appellees' land to their damage. Parties may not collect surface waters into an artificial canal and cast it in increased and unnatural quantities upon the lands of another to the damage or injury of the owner. Bunch v. Thomas, 121 Tex. 225, 49 S.W.2d 421; Miller v. Letzerich, 121 Tex. 248, 49 S.W.2d 404, 85 A.L.R. 451; City of Wichita Falls v. Mauldin, Tex.Com.App., 39 S.W.2d 859; Phelps v. Drainage Dist. No. 1 of Chambers County, Tex.Civ.App., 216 S.W.2d 842. Error ref., n. r. e. Even though some water may have passed over the land along the ditch dug by the county, there was no request for the submission of issues whereby the jury could find what proportionate damage, if any, was thus caused. We conclude that the evidence does not raise the issue that it was the sole cause of the damage and that the trial court did not commit reversible error in refusing requested issue (3).

In the course of the trial appellees' counsel introduced evidence identifying a condemnation suit filed by appellant against appellees to condemn a portion of the land involved here. Objections were made to the testimony and to the introduction in evidence of the records in that cause. These objections were sustained and appellees' counsel made statements to the court that the evidence was being offered for impeachment purposes. Later appel-

lant's petition filed in that cause was admitted in evidence.

Appellant here complains that the offering of the evidence, the statements of counsel made in the presence of the jury, and the admission in evidence of appellant's petition constituted error.

We think it unnecessary to set out the remarks of counsel for appellee. However we think they are not of such character as to be termed prejudicial but are of such kind as usually occur in the course of a contested trial. Further, no request appears to have been made to the trial court to withdraw them from the jury.

Ordinarily, pleadings filed by the parties to a cause, even though filed in a different cause, are admissible as admissions against them. Cerf v. McElroy, Tex.Civ. App., 25 S.W.2d 950, error ref.; 17 Tex. Jur. p. 356, Sec. 119, and p. 571, Sec. 237; McCormick & Ray, Texas Law of Evidence, pp. 641–642.

We are of the opinion that reversible error is not presented and the judgment of the trial court is affirmed.

Affirmed.