AMERICAN INDEMNITY COMPANY
et al., Appellants,

v.

Eliza SOLOMON, Appellee.

No. 15852.

United States Court of Appeals
Fifth Circuit.

April 6, 1956.

Rehearing Denied May 22, 1956.

854

Alfred W. Bullock, Richard H. Switzer, Otis W. Bullock, Shreveport, La., for appellants.

Robert E. Eatman, Shreveport, La., Smallenberger, Eatman & Morgan, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by appellee, the mother of Emily Solomon, deceased, against three defendants, James B. Nelson, his insurer, and the insurer of Doris B. Nelson, the suit was for death damages resulting from a three way collision between the cars driven by the Nelsons and a car driven by one Blackshire, in which Emily Solomon was riding as a guest passenger.

Tried to the court without a jury, there were detailed findings [1] and a judg-

---

1. The District Judge found:

"Immediately prior to the accident, both Mr. and Mrs. Nelson had been drinking at the Thomas House Cocktail Lounge in Shreveport, Louisiana. Mr. Nelson was drunk. On this point we have the testimony of three witnesses who have no interest whatsoever in this case, namely, Mr. Lorant, Mrs. Hammond and Mr. Allen. We also have the testimony of Mrs. Nelson to the same effect.

"Mrs. Nelson left the cocktail lounge first and drove out Highway No. 1. Mr. Nelson followed. She tried to lose him. When she had traveled out the highway a distance of seven miles, she thought she had been successful and turned to return to Shreveport, but as she returned, she observed that he had stopped his car on the road and as she passed him, he began to speed after her. He overtook her just before she got to the hill north of the intersection. He cut in

front of her going at least 60 miles per hour, and then she took the left lane, and thus they went down the highway to the intersection at a speed of at least 60 miles per hour. She was watching him. He was watching her. Both of their cars hit the Ford, it was demolished and Andrew Blackshire and Emily Solomon, its occupants, were killed.

"The accident and the death of Andrew Blackshire and Emily Solomon were proximately caused by the joint and concurrent negligence of James B. Nelson, Doris R. Nelson and Andrew Blackshire.

"Mr. Nelson's acts of negligence which were proximate causes of the accident and the deaths were: (a) Operating his Cadillac automobile while so under the influence of alcohol that his judgment and reflexes were impaired, and consequently he could not control his car nor observe the road ahead of him. (b) In driving his automobile at the time of the acci-

ment in favor of plaintiff against James B. Nelson and the two insurers in solido for $7734.50, and limiting the liability under execution of each insurer to $5000, the coverage limit of each policy.

Appealing from the judgment, the insurers are here urging that the court erred: (1) in holding either of the Nelsons negligent; (2) in failing to hold Emily Solomon guilty of contributory negligence; and (3) in rendering a judgment against each of them, allowing a recovery on execution up to $5000.

■■ We do not think so. Of the first ground, it is sufficient to say that the findings are amply supported by evidence. Indeed we think it quite likely that but for the fact, which is without relevancy here, that in other suits growing out of the same accident, tried at the same time to a jury, the jury found that the Nelsons were not negligent and that Blackshire's negligence was the proximate cause of the accident, the claim that the findings of the district judge are without support in the evidence would not have been made.

■ The evidence was voluminous and conflicting, and there is no basis for rejecting the court's findings that the Nelsons were negligent and that the death of Emily Solomon was proximately caused by the joint and concurring negligence of the Nelsons and Blackshire. There is even less merit in the attack upon the court's finding, "There is no evidence whatsoever of negligence on the part of Emily Solomon, and we must conclude that she was guilty of no negligence and that she had no control over the car whatsoever".

■■ Since both Emily and Blackshire were killed in the collision, and there was no one else in the Blackshire car, appellants' insistence, that, because there was evidence that the Blackshire car was being driven rapidly and without lights, it must be found that Emily was guilty of negligence in remaining in the car without protesting the speed and the want of lights, is based entirely upon surmise and conjecture. There was no evidence as to how long before the collision the car had been without lights, none that Emily knew and realized these conditions, and none that if she did, she did not protest against them. On such a record, there is no basis whatever for the application of the invoked doctrine that a guest may be guilty of contributory negligence, if, with knowledge of the negligence of the driver, he makes no protest and takes no action to prevent it. This is a special defense, the burden of which was on the defendants, and the record is completely devoid of proof on the issue.

■ Particularly is appellants' effort to support their claim, by pointing to the fact that the record is barren of any evidence as to what Emily knew or did or said, ill taken. The burden was upon the defendants to prove this defense and not upon the plaintiff to disprove it.

dent at a speed of at least 60 miles per hour, which, under the circumstances, was an unreasonable and excessive speed. (c) In not keeping a proper look-out at the time of the accident. (d) In negligently cutting sharply across a highway in front of Mrs. Nelson and forcing her to the left.

"Mrs. Nelson's acts of negligence, which were proximate causes of the accident and the deaths were: (a) In attempting to pass Mr. Nelson at an intersection without first ascertaining that the road ahead of her was clear. (b) In driving her automobile at the time of the accident at a speed of at least 60 miles per hour, which, under the circumstances

was an unreasonable and excessive speed. (c) In not having her car under control and not observing where she was proceeding.

"Andrew Blackshire was guilty of negligence because he did not stop before entering the intersection, and did not keep a proper look-out for traffic thereon, and his failure to do so constituted negligence which was a proximate cause of the accident and his subsequent death.

"There is no evidence whatsoever of negligence on the part of Emily Solomon, and we must conclude that she was guilty of no negligence and that she had no control over the car whatsoever."

Appellants' final point, that the recovery was in solido and in rendering a judgment against all of the defendants for $7734.50, the court has rendered a judgment against each insurer beyond its obligations under the policy limit of $5,000, is equally without substance. Nelson was a party to the suit and no complaint is, or could be, made of the judgment against him. While Mrs. Nelson was not a named party, her insurer was, and under the correct rule [2] concerning the nature and extent of recovery in a direct action, her insurer, within the terms and limits of the policy, stood in her shoes. The fact that she was not made a named party therefore has no bearing on plaintiff's right to recover from either or both of them, and from their insureds, the full amount of her judgment, since that amount is less than the coverage limits of the two policies. If execution were levied against Nelson for the amount of the judgment and payment was made by him, he would certainly have the right to recover from his insurer up to the limit of his policy. If Mrs. Nelson had been a named party, she would have enjoyed a similar right to recover from her insurer up to $5000 any sums she was compelled to pay under the judgment. The fact that Mrs. Nelson is not a named party does not change the situation. As pointed out by this court in Banks v. Associated Indemnity Co., 161 F.2d 305, at page 314: "Under Act 55 of the Legislature of Louisiana for the year 1930 [now LSA–R.S. 22:-655], the insurer, when sued in lieu of the insured, stands in the shoes of the insured to the extent or limit of its policy." The judgment in this case was carefully framed to impose no other or further obligation upon the insurers than that imposed by their policies. As framed, the judgment follows the teachings, it falls directly within the reasoning of this court in the Banks case. Appellants' contention, in effect that though the liability of each insurer under its policy is $5000, each may not be held to that liability, but only to one-half thereof, is supported by neither reason nor authority.

The judgment was right. It is affirmed.

---

2. "Extent of Recovery. It is generally held that the extent of recovery of an injured person under provisions of the kind under discussion is the same as the assured might recover if the judgment of such insured person had been fully satisfied". 29 Am.Jur., "Insurance" Sec. 1083.