**Sam E. BRINSON, and Sam E. Brinson and Maudie M. Brinson, Appellants,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.**

**No. 16109.**

United States Court of Appeals
Fifth Circuit.

March 1, 1957.

E. K. Theus, Monroe, La., J. D. DeBlieux, E. Drew McKinnis, Baton Rouge, La., for appellants.

Selim B. Lemle, New Orleans, La., M. C. Thompson, Monroe, La., Joseph H. Wright, John W. Freels, Chicago, Ill., Thompson, Thompson & Sparks, Monroe, La., Lemle & Kelleher, New Orleans, La., of counsel, for appellee.

Before BORAH, TUTTLE and CAMERON, Circuit Judges.

BORAH, Circuit Judge.

These appeals in two railroad grade crossing cases come to us on one consoli-

dated record and are from separate judgments for the defendant, Illinois Central Railroad Company, notwithstanding the verdicts of the jury for the plaintiffs.

The accident which gave rise to this litigation occurred at defendant's main-line crossing on Chicago Street in Delhi, Louisiana, when a passenger train collided with an automobile driven by the minor Billy Lorraine Brinson, and in which Maxine Brinson, the owner, was a passenger. Following this occurrence Sam Brinson, individually and as administrator of the estate of his minor son, brought suit to recover damages for the personal injuries sustained by his son. And Sam Brinson, together with his wife, brought a separate suit to recover damages for the alleged wrongful death of their daughter, Maxine.

In each of the complaints it was alleged that the defendant was guilty of negligence in the following particulars: in operating its train at an excessive rate of speed; in causing or permitting its right of way to be obstructed by buildings, railroad cars and certain heavy farm machinery; and in failing to give the required statutory warnings, or adequate or reasonable warnings of the crossing and of the approach of the train to the crossing. The defendant denied negligence on its part, and, in the alternative alleged that both the driver and owner of the automobile were guilty of contributory negligence which barred the recovery of any and all damages sought by the plaintiffs.

The two actions were consolidated by the court below and a trial by jury was had. During its progress and at the close of all of the evidence, defendant moved for a directed verdict in each case, but the court, under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U. S.C.A., reserved its ruling on the motions and submitted the actions to the jury, subject to a later determination of the legal questions raised by the motions. Upon return of the jury's verdicts for plaintiffs, defendant moved for a ruling on its motions for directed verdict and

for judgments n. o. v. Whereupon the court sustained the motions and in each case entered judgments *non obstante veredicto* on the ground that both the driver and the owner of the automobile were guilty of contributory negligence as a matter of law. Consequently, the crucial question on appeal is whether the district judge was correct in entering these judgments.

The evidence which bears on this issue, when viewed in the light most favorable to appellants, establishes these facts: Shortly before 8:45 p. m. Billy Brinson, his sister Maxine and one Clifton Junkin left a moving picture theater which they had attended and entered Maxine's automobile. Billy Brinson was driving and seated to his right in the order named were his sister and Junkin. After leaving the theater, they traveled west for several blocks and upon reaching Chicago Street, the driver turned to the right and proceeded north at a moderate rate of speed until he reached Front Street, which runs parallel to and approximately one hundred feet south of the south rail of defendant's main-line track. There he came to a complete stop to permit a westbound car on Front Street to pass ahead of him. When the car had passed, the driver of the Brinson vehicle drove straight ahead toward the tracks in low gear and no one in the car was aware of the presence of defendant's east-bound train, which was then approaching Chicago Street from the west, until the engine was right upon them. The collision occurred on the main-line track when the right front portion of the diesel engine struck the left side of the car.

Both the driver of the car and his sister were familiar with the location of the crossing having gone over it many times. The evidence shows that certain farm machinery identified as "combines" was stored on the south side of the defendant's right of way just west of the Chicago Street crossing, and this machinery blocked the view of any motorist driving north on Chicago Street until he reached a point approximately thirty feet south

of the main-line track. The evidence further shows that the night was misty and foggy, but not to such an extent as to impede the vision of the eyewitnesses who testified that they saw the train's large headlight burning brightly, and illuminating at least fifty feet on each side of the main-line track. It also affirmatively appears that the air horn on the diesel engine was blown shortly before the accident, and the bell had been ringing for some distance before it reached Chicago Street.

We agree with appellants that the issue of contributory negligence is ordinarily for the jury, but it is well-settled that where there is no substantial conflict in the evidence which conditions it, and when, from the undisputed facts, reasonable men in the exercise of a fair judgment would be compelled to reach the same conclusion, the court may properly withdraw it from the jury. Smith v. Fidelity Mut. Ins. Co., 5 Cir., 206 F.2d 549.

Applying these principles to the undisputed facts as disclosed by this record, we think it plain that the driver, in the exercise of ordinary care for his own safety, could have easily stopped the car, which was moving at a relatively slow speed, after passing the north edge of the farm machinery and before reaching the main-line track. The greater the difficulty of seeing and hearing the train as he approaches the crossing, the greater caution the law imposes upon the motorist. Barnhill v. Texas & P. R. Co., 109 La. 43, 33 So. 63. Cf. Guidry v. Texas & N. O. R. Co., La.App., 56 So.2d 611; Stelly v. Texas & N. O. R. Co., La.App., 49 So.2d 640. And where, as here, the driver's view of the tracks was obstructed he was required under the Louisiana law to proceed only with the greatest caution.

We are in no doubt that the court below was correct in granting the motions for judgments notwithstanding the verdicts and that the judgments appealed from should be affirmed.

Affirmed.