James C. BOOTH, Appellant,

v.

HOME INDEMNITY COMPANY,
Appellee.

No. 16557.

United States Court of Appeals
Fifth Circuit.

May 24, 1957.

Milton C. Trichel, Val Irion, Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., for appellant.

Albin P. Lassiter, Monroe, La., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for damages for the death of Dilcy Booth, wife of the plaintiff, in a collision between a Buick Sedan, owned and driven by the deceased, and a pick-up truck being operated by one Robert Phillips, an assured of defendant.

The claim was that Phillips recklessly or negligently drove the truck, or caused it to be driven, into the path of and into the Buick.

The defenses were a denial of the charge that plaintiff's assured was neg-

ligent; and counter-charges that plaintiff's decedent was solely or contributorily negligent; and that, in either event, plaintiff was not entitled to recover.

Tried to the court without a jury on the issues thus joined, there were findings, that defendant's assured was negligent but that plaintiff's decedent was contributorily negligent; and a judgment for defendant.

Appealing from the judgment, plaintiff is here presenting, under several numbered specifications of error, as its primary claim or error, "that, as a matter of law, the trial judge erred in holding that Dilcy Booth was guilty of contributory negligence", and, as an alternative claim, that if she was so negligent, defendant's assured had the last clear chance, and negligently failed, to avoid the collision, and judgment should have gone against defendant for his failure to do so.

Appellee, in reply, urges upon us: that appellant's argument is nothing more or less than an attack upon the trial judge's findings of fact; that in Louisiana the governing rules of law are few and simple; and that under them the evidence is ample to support the finding and judgment.

Pointing out that what appellant is complaining about is the district judge's analysis of the facts, the weight and credibility accorded by him to the testimony of each of the witnesses, and the conclusions reached by him in applying the established law to the facts found by him, it insists: that the determination of whether plaintiff's decedent was or was not contributorily negligent was a question of fact; and that the evidence amply supports the finding that she was.

Upon the alternative issue, that defendant's assured had the last clear chance to avoid the accident, appellee, pointing out that plaintiff did not request, and the district judge did not make, a finding on this issue below, insists: that on his findings that the Phillips truck had in fact crossed the highway and headed east before the accident occurred; and that when he executed this maneuver, the driver of the Buick did not control her car, the district judge must, if he had passed upon the issue, have found that the contributory negligence of the driver of the Buick car continued up to the very moment of, and caused, the collision, and there was, therefore, no basis for the finding plaintiff seeks, that the Phillips truck had the last clear chance to avoid the collision and was negligent in failing to do so.

A careful reading of appellant's brief, in the light of the record and the Louisiana cases cited by him, makes clear, we think, that, influenced perhaps by the fact that while federal appellate courts are, the appellate courts of the state are not, confined in their review of appealed cases to a determination of law questions but may and do differ with and reverse trial courts upon their fact determinations, appellant not only undertakes to classify the testimony of various witnesses for himself, rejecting as incredible that testimony which is unfavorable to him and accepting as credible that which is favorable, but seeks to have us follow the same course and, setting ourselves up as retriers of the facts, bind and loose not as the trial judge saw the witnesses and their testimony but as we see them and it, and this we cannot do.

As a notable instance of this process, he complains of the court below for crediting, and asks this court to reject as entirely unworthy of belief, the testimony of Hazel, who testified that the Buick was going fast by his garage; and that of Phillips, the driver of the truck, that when he was almost at the center of the road in making his U-turn to the east, he heard the car blowing its horn and saw it coming, moving mighty fast; while as to the witness Wright, who testified that instead of the truck running into the Buick, the Buick ran into the truck and hit it on the right side and the Buick was traveling anywhere from 45 to 60 miles an hour, he insists that his

testimony be rejected as wholly unreliable.

■ Where the accident occurred, there was a long line of business buildings, and under settled rules in Louisiana, by LSA–R.S. 32:227: "In addition to the specific speed limitations of this Chapter, no person shall operate any vehicle upon the highways of this state at other than a reasonable and proper speed under the circumstances, or at a speed endangering the persons or property of others," and decision, and elsewhere by decision, the question of whether a particular speed is or is not negligence is to be determined not by any particular speed limit but by the facts and circumstances of the particular occurrence, including the principle that every motorist must at all times have that reasonable degree of control over the vehicle which will enable him to stop or otherwise avoid dangers appearing within his range of vision.

Appellant is bound to admit that there was testimony which, if believed, would show that the Buick was going too fast through a quasi business section of a small town and that, if, instead of going sixty miles an hour, as was testified to, it had been going slowly, the accident might well have not occurred.

Also appellant seems to overlook the fact that since the judge found that the decedent was not keeping a proper lookout the question of speed cuts both ways. If she was not driving at an excessive speed, then, according to one view of the evidence, if she had been keeping a proper lookout, she would have had ample time to see the negligent maneuver made by the Phillips truck and avoid its consequences. If, on the other hand, she was going very fast through a built up section, as defendant's witnesses declared she was, then appellant had the burden of showing more clearly than was shown that while she was coming at a high rate of speed, the speed was not itself unlawful and that the truck came on to the highway so close in front of her that she could not possibly have avoided it.

In Dietz v. Greyhound Corp., 5 Cir., 234 F.2d 327, where the evidence was overwhelming that a car had turned onto a main highway at a time when it was impossible for the oncoming bus, in the exercise of care, to avoid collision, and the district judge had instructed a verdict for the defendant in a jury case, this court said:

"If we assume that there was some negligence on the part of the bus driver upon the undisputed evidence in the case as to where the car was before it turned into the highway and the short distance between it and the bus when it made the sudden maneuver, it must be held that the negligence of the plaintiff defeated its recovery."

Appellant's insistence in short, we think, goes too much upon the idea that in order to carry its burden of showing contributory negligence on the part of the plaintiff, defendant must have offered more specific evidence than appeared as to what plaintiff was doing at and before the collision, and the district judge must have been able to point to specific testimony showing this directly rather than circumstantially. This is not required.

■ As we pointed out in American Indemnity Co. v. Solomon, 5 Cir., 231 F.2d 853, a case tried to the court without a jury, it is for the district judge, upon the testimony as a whole, giving to each witness the weight and credibility which in his opinion is due his testimony, to determine as to each party involved what the evidence establishes as to the exercise by each of the care required of each.

■ The fact that this case was tried by a judge without a jury rather than to a jury and the further fact that the judge in his first filed findings attached a legal significance, to which it was perhaps not entitled, to the fact that the speed, on any of the testimony, was in excess of that fixed by a town ordinance, has, we think, undoubtedly contributed to the lack of clarity with which the appellant

approaches the argument of this case. Had the case been tried to a jury and a verdict instructed on the issue of contributory negligence for either side, it would, we think, have been clear error. The fact that it was tried to a judge and that he first gave a reason for his conclusion which, though differing from was neither factually nor legally inconsistent with his final conclusion, cannot change a fact case, whose decision turns on whether the evidence supports the judge's fact determination, into a law case requiring or even permitting this court to reverse findings which are so supported.

The judgment is affirmed.