**TAORMINA CORPORATION et al.,**
Appellants,

v.

**Antonio ESCOBEDO, Appellee.**
**No. 16296.**

United States Court of Appeals
Fifth Circuit.

April 8, 1958.

Rehearing Denied May 16, 1958.

172

---

Jackson Littleton, Edinburg, Tex., Harry L. Hall, Mission, Tex., Kelley, Looney, McLean & Littleton, Walter Humburch, Edinburg, Tex., of counsel, for appellants.

Sid L. Hardin, Edinburg, Tex., Jack Skaggs, Harlingen, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

Antonio Escobedo, the appellee, is a Mexican by birth and citizenship. One of his arms was crippled as the result of a fracture which had been improperly set. At or about the age of thirty-two he procured employment as a laborer on the farm of the appellant, Taormina Company, a partnership. His work was done under the direction of Taormina Company's foreman, Domingo Cavazos. In the farm operations a pump was used for taking water from an irrigation ditch. The pump operated continuously and was powered by a stationary tractor. At frequent intervals it was necessary to refill the gasoline tank of the tractor. This was done by transferring gasoline from a metal drum to the tank of the tractor a few feet away by a hand operated pump. This was done by the appellee on the afternoon of May 17, 1952. He was given the same task that night. The foreman under whom the appellee worked told him to get a lantern from the barn. This the appellee did. It was an open flame kerosene lantern. At the site of the pumping operation the appellee set the lantern down about three feet from the drum. The hose through which the gasoline was pumped to the tractor was about eight feet long. One end of the hose was in the tractor tank and was tied down by the appellee. The other end slipped over a nipple on the pump where it was normally fastened by a metal clamp. On the night in question the clamp was missing. The appellee started filling the tank, operating the pump with one hand and holding the hose with the other. The hose slipped free of the pump nipple and gasoline was sprayed upon the appellee and the lantern, flashing into flames which severely burned the appellee.

Asserting negligence and seeking damages, the appellee brought suit in the United States District Court for the Southern District of Texas against Taormina Corporation, a Texas corporation, E. A. Taormina, A. F. Taormina, and Frank Culicchia. Diversity of citizenship formed the basis of federal jurisdiction. The complaint was filed on May 3, 1954. On May 15, 1954, after summons was served on the defendants named, but before they had answered, a first amended complaint was filed against (1) Taormina Corporation, a Texas corporation, (2) Taormina Corporation, a Delaware corporation, and (3) the two Taorminas and Culicchia "individually and as trustees of the said Taormina Corporation (a Delaware Corporation)". It may here be parenthetically observed that the appellee was injured on May 17, 1952, and that the Texas statute of limitations, Vernon's Ann.Tex.Civ.Stat. Art. 5526, required suit to be brought within two years. Those sued filed motions to dismiss and answers. On July 26, 1954, the appellee filed his second amended complaint. By it he added as defendants Taormina Company, a partnership, and its eight or nine partners, among whom were the previously mentioned two Taorminas and Culicchia. Taormina Company, the partnership, and the persons designated as partners, moved to dismiss the second amended complaint on the ground that it affirmatively appeared that the claim asserted was barred by the statute of limitation. The district court sustained the motion as to the individuals other than the two Taorminas and Culicchia. At the trial

the appellee dismissed as to all defendants except the partnership and the three individuals originally served.

The cause was tried without a jury. The district court found that the appellants, that is, Taormina Company, a partnership, and A. F. Taormina, E. A. Taormina, and Frank Culicchia, individually and as members of such partnership, were negligent (a) in providing the appellee with defective equipment with the knowledge of the foreman, Cavazos, (b) in failing to provide the appellee with a safe place to work, (c) in failing to give the appellee adequate warnings and instructions, (d) in failing to provide the appellee with assistance, or in one or more of these respects, and that such negligent acts were the proximate cause of the appellee's injury. The court found against the appellants on their defenses of assumed risk and contributory negligence. A judgment for the appellee was entered in the amount of $20,000. From such judgment this appeal has been taken. The questions fall into two classes, one as to parties and limitations, and the other as to liability. We will first consider the question of parties and limitations.

The two Taorminas and Culicchia were parties in their individual capacities and were expressly so designated and served before the running of the limitation period. In their individual capacities they are in no position to benefit from the statute of limitations. Can these individuals as partners, or can the partnership, successfully defeat the appellee's claim on the ground that it is barred by limitations? The Federal Rules provide:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c), Fed.R.Civ.Proc., 28 U.S. C.A.

This rule, among others, was designed so that cases would be determined on their merits and not on technicalities. Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566. "If the effect of an amendment is to substitute a new party for one originally named, it has been held to constitute a new and independent claim for relief which cannot be allowed after the statute of limitations has expired." 1 Barron and Holtzoff, Federal Practice & Procedure 933, § 451. This Court has previously approved and quoted the following:

"The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person." 2 Moore's Federal Practice, 2nd ed., Sec. 4.44, p. 1042; Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27, 29.

Here the appellee had been hired to work on a farm with which the Taormina family was connected. The true interests were not disclosed and disclosure was studiously avoided. We do not say that the partnership was required to make any disclosures but it should not be permitted to benefit by not having done so. It was the entity by which he was employed against which he had and intended to assert a claim. Those who had the liability had notice of the suit. The appellee is entitled to the benefits of the Rule, the second amendment was properly allowed, and the appellants were properly made defendants by the amendment. See Gifford v. Wichita Falls & Southern Railway Co., 5 Cir., 1955, 224 F.2d 374.

The appellants assert that when the seven partners were dismissed the action could not thereafter be maintained against the remaining three. But the three were sued in their individual capacities and in that capacity was judgment entered against them. It was formerly the Texas rule that a partnership could not be sued in the partnership

name and that all active partners were necessary parties. 32 Tex.Jur. 380, Partnership § 102. By Rule 17(b), Fed.R. Civ.Proc., it is provided that capacity to sue or be sued shall be determined by the law of the state in which the district court is held. Since the adoption of the Texas Rules of Civil Procedure partnerships may sue or be sued in the partnership name. Rule 28, Tex.R.Civ.Proc. The effect of this Rule is to treat the partnership as a legal entity, at least to the extent of obtaining and enforcing a judgment by or against it. Members of the partnership may become individually liable for partnership obligations when made parties in their individual capacities. Mims Bros. v. N. A. James, Inc., Tex.Civ.App., 174 S.W.2d 276. This contention of the appellants is not well taken.

It has been suggested that the law of Texas will control the applicability of its statutes of limitations. Cf. Denver & Rio Grande Western Railroad Co. v. Clint, 10 Cir., 1956, 235 F.2d 445. The amendment properly related back to the time of the filing of the complaint under the law of Texas as well as under Federal law. O'Quinn v. Scott, Tex.Civ. App., 251 S.W.2d 168. The claim of appellee against the appellants was not barred by limitations.

 Gasoline is volatile, inflammable and explosive. The knowledge that it has these properties is so general that it can be imputed to the appellee as well as to the appellants. Nesmith v. Magnolia Petroleum Co., Tex.Civ.App., 82 S.W.2d 721. The nature of the substance is such that a person who has control over it must exercise great care to prevent an injury which a prudent man would foresee. Waters-Pierce Oil Co. v. Snell, 47 Tex.Civ.App. 413, 106 S.W. 170. The transfer in the night time of gasoline with a defective pump by the light of an open flame was certainly an event from which it could be anticipated that an injury might result. The consequences of such conduct should have been foreseen. 30–B Tex.Jur. 218 et seq.,

Negligence §§ 41–43. This is no less so because the same acts had been previously done without injury resulting. Waters-Pierce Oil Co. v. Snell, supra. The appellee successfully contended that his injuries were caused by the negligence of the appellants. They contended before the trial court and contend here that the contributory negligence of the appellee was the cause of his injuries. The question of whether a plaintiff has been guilty of contributory negligence, like the question of whether the defendant has been guilty of primary negligence, is ordinarily a fact question and is ordinarily to be resolved by the trier of the facts. Only where the facts are of such a character that but one rational conclusion could be drawn by reasonable minds do such issues become questions of law. Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585; Phelps v. Drainage District, Tex.Civ.App., 216 S.W.2d 842; Wilkerson v. McCarthy, 336 U.S. 53, 69 S. Ct. 413, 93 L.Ed. 497, rehearing denied 336 U.S. 940, 69 S.Ct. 744, 93 L.Ed. 1098; General Accident, Fire & Life Assurance Corporation v. Zapel, 5 Cir., 1956, 231 F. 2d 917; Roucher v. Traders & General Insurance Co., 5 Cir., 1956, 235 F.2d 423; Greyhound Corporation v. Dewey, 5 Cir., 1957, 240 F.2d 899; Brinson v. Illinois Central Railroad Co., 5 Cir., 1957, 241 F.2d 494; Goldman v. Hollywood Beach Hotel Co., 5 Cir., 1957, 244 F.2d 413. The rule is as applicable where the judge is the trier of facts as where a jury is in the box. Booth v. Home Indemnity Co., 5 Cir., 1957, 244 F.2d 568. We need not enlarge upon the recital of the evidence before the Court. It is enough to say that there was ample evidence to sustain the Court's finding that the appellants were negligent and that their negligence was the cause of the appellee's injuries. The evidence justifies the Court's conclusion that there was no contributory negligence of the appellee which barred recovery.

We find no reversible error and the judgment of the district court is

Affirmed.