**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**James T. YSZARA, Appellee.**

**No. 17446.**

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1959.

F. Carter Johnson, Jr., Porteous & Johnson, New Orleans, La., for appellant.

Joseph A. Sims, Hammond, La., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by plaintiff under the Louisiana Direct Action Statute LSA–R.S. 22:655 against the public liability insurer of Mrs. Baston, the suit was for damages resulting from a highway collision between a truck driven by plaintiff and a passenger car driven by defendant's insured.

As testified to by the plaintiff, his sole witness, his claim was: that as he was coming down the right side of the blacktop on Jefferson Highway in a southerly direction, going at a speed between forty and forty-five miles an hour, with about a thousand feet or better of clear highway in front of him, he looked to the side of the road; that when he turned his head back and he was right on it, fifteen or twenty feet away, he saw the car driven by Mrs. Baston coming out of the driveway *"in slow motion down to the highway"*; that at that time he was so close to it that he had to dodge it with the front end of the truck and, in doing so, the back wheels hit a part of the front end of the car and turned him over; and that that was the last he could remember. He also testified that he did not know whether Mrs. Baston's car was stopped or moving when it was struck.

The defense was a denial that Mrs. Baston was guilty of any negligence and a claim that the collision resulted solely by and through the negligence of plaintiff, and that if there was negligence on her part, the collision was due to his contributory negligence.

Tried to the jury, the evidence for plaintiff consisted of plaintiff's testimony in substance as above stated, while that of the defendant, Mrs. Baston, who was taking several children to school that morning and one of the children who was waiting to get into her car, was that she was not on the highway but was stopped in the driveway waiting for the truck to pass, and that the truck went off of the blacktop and onto the shoulder and struck her car.

The court deferring decision on the motion until after the verdict, the case went to the jury, and there was a verdict for plaintiff.

Defendant's motions for judgment in accordance with its motion for a directed

verdict and, in the alternative, for a new trial denied, a judgment for plaintiff was entered on the verdict.

Appealing therefrom, defendant is here insisting that, as matter of law, upon plaintiff's own testimony and under the controlling cases,[1] (a) no actionable negligence on the part of defendant was shown, and (b) if there was, plaintiff was guilty of such negligence as barred his recovery, and a verdict should have been directed for defendant.

■■ Agreeing that this is so, we accept for the purpose of the demonstration that the jury found that the matter occurred just as plaintiff said that it did, though the speaking facts of the collision seem strongly to support the testimony of Mrs. Baston, that her car was stopped in the driveway, and that the truck came off the blacktop and onto the shoulder and struck it.

In plaintiff's statement, set out in substance hereinabove, it appears that, though he had 1000 feet of clear road with nothing in front of him or behind him, which interfered with his driving or prevented him from seeing what lay ahead, he, for a reason not stated, instead of paying attention to the road and where he was going, looked off to the side and, when he turned his attention to the road, he suddenly noticed that fifteen or twenty feet in front of him the car was coming out "in slow motion down to the highway", and, undertaking to dodge it, he collided with it. Assuming as correct that his testimony that, at the time he dodged, Mrs. Baston's bumper and headlight had, coming out in slow motion, reached the highway and that this was negligence on her part, this would not avail him. For, under settled law in Louisiana and elsewhere, a motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it and under ordinary circumstances, such as prevailed here, the plaintiff, in driving at such a rate of speed that he could not stop and avoid a collision within the range of his vision, was guilty of negligence.

In Smith v. Fidelity Mutual Insurance Co., 5 Cir., 206 F.2d 549, 550, a case very much in point here, the court said:

"There have been a great many cases in which this and other courts have considered and discussed facts similar to those which are here present, and in all of them it has been held that it is negligence as a matter of law for motorists to drive an automobile along the highway at such a speed that it cannot be stopped in time to avoid an obstruction discernible within the range of vision ahead. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Shell Oil Co., Inc. v. Slade, 5 Cir., 133 F.2d 518."

In Booth v. Home Indemnity Co., 5 Cir., 244 F.2d 568 and other similar cases the same principle has been reaffirmed.

Reversed and rendered.

1. Texas & Pacific R. Co. v. Laborde, 5 Cir., 257 F.2d 587; Booth v. Home Indemn. Co., 5 Cir., 244 F.2d 568; Brinson v. Illinois Central R. Co., 5 Cir., 241 F.2d 494; Great American Indemnity Co. v. Cormier, 5 Cir., 187 F.2d 107; Missouri Pacific R. Co. v. Fusilier, 5 Cir., 256 F.2d 278; Piland v. Maryland Cas. Co., 5 Cir., 179 F.2d 678; Smith v. Fidelity Mut. Ins. Co., 5 Cir., 206 F.2d 549.