**H. E. MORRIS, Appellant,**

v.

**ROTARY FUEL, INCORPORATED,**
**Appellee.**

**No. 3430.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 27, 1959.

Rehearing Denied March 20, 1959.

Huff & Splawn, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

COLLINGS, Justice.

H. E. Morris brought suit against Rotary Fuel, Inc., and Henry Kidd for damages in the sum of $49,500 to his person and property. Henry Kidd was the employee and truck driver of a truck loaded with butane and propane fuel belonging to the Rotary Fuel, Inc. Plaintiff alleged that the damage to his person and property was caused by the negligent failure of Kidd to close a master valve on one of the flexible hoses leading from the large container or tank on the butane and propane truck he was operating which he brought to plaintiff's service station for washing and greasing. Plaintiff alleged that when he started to drive the truck into his wash room, where there was an open gas fire burning, escaping gas from the open master valve ignited and started the fire which caused his injury and damages.

During the trial the case was dismissed by the plaintiff as to Henry Kidd. The trial was before a jury which found that Kidd, the employee of Rotary Fuel, Inc., while acting in the course of his employment, failed to shut off the master valve; that Kidd failed to inspect the valves to see if they had been completely shut off, failed to warn Morris that they had not been shut off and that each of these negligent acts of the defendant's employee proximately caused plaintiff's injuries and damages. The jury also found that Morris drove the truck into his enclosed building, knowing that an open fire was located therein; that Morris failed to turn off the open fire before driving the truck into the building; that these acts of plaintiff constituted negligence and were proximate causes of the fire and resulting damage. The jury also found that plaintiff assumed the risk of injury in driving the truck into his wash room. Based upon the verdict, judgment was rendered for appellee Rotary Fuel, Inc., and Morris has brought this appeal.

Appellant presents points of error urging that the court erred in submitting special issues inquiring whether appellant drove the truck into the enclosed building knowing that an open fire was contained therein and whether such was negligence, proximately causing his injuries and damages; erred in submitting issues inquiring whether appellant failed to turn off the open fire in the enclosed building before driving the truck therein and whether such was negligence and a proximate cause of his injuries and damages and erred in submitting issues concerning assumed risk. Appellant contends that there was not evidence or, in any event, insufficient evidence to justify a submission of these issues or to support the jury finding thereon. Appellant also urges that the court erred in not disregarding the jury's answers to the issues on contributory negligence.

Appellant correctly states that the disposition of this appeal depends upon the existence of evidence of probative force and the sufficiency of evidence to support the finding of the jury convicting him of contributory negligence proximately causing his injuries and damages. The evidence shows that appellant was the owner of a service station in Lamesa, Texas. Appellee, Rotary Fuel, Inc., is a corporation engaged in the sale of butane and propane fuel. Henry Kidd, a truck driver employed by appellee, acting in the course of his employment, parked appellee's truck, fully loaded with butane and propane, in the street in front of appellant's service station. He then employed appellant to service the truck. The master valve on one of the flexible hoses had not been turned off by Kidd and was left open, but the valve at the terminal end of the flexible hose was closed. Appellant had been servicing appellee's trucks for several years. He stated that he had probably serviced the trucks 75 to 100 times under

similar conditions, except for the fact that on the occasion in question the explosion and fire and resulting damage to him occurred. Morris got into the truck and started to drive it into his wash room. An open fire was burning in the station near the wash room and as the cab of the truck was entering the wash room, the flame from the stove ignited the butane, or propane gas, or both, causing the fire and the resulting damage to appellant's person and property.

▆▆ There was ample evidence in support of the jury finding. Appellant stated that he had been servicing the truck involved from the time it was new, which covered a period of about two years. He testified that he was familiar with the physical set-up of the truck including the hose and valves thereon. He said that the truck appeared to be in good shape, but that he knew butane and propane sometimes leaked from their containers; that he had seen fluid seeping or leaking at the pumps on some of appellee's trucks on numerous occasions; that he had on some occasions told the driver about the seeping; that he knew butane and propane were highly inflammable and if it got to a flame it would ignite and result in a fire; that it didn't take much butane or propane to start a big fire. Appellant testified that before he got into the truck he smelled butane. Several witnesses testified that butane is highly inflammable and dangerous and that it was not good practice to have a fire around a butane or propane truck or tank at any time. The evidence, in our opinion, fully supports the finding of the jury that appellant's action in driving the truck into the enclosed wash room knowing that an open fire was contained therein and in failing to turn off the fire before driving the truck into the building was negligence and a proximate cause of appellant's injuries and damages.

▆▆ Appellant contends that there is no evidence that he knew of the leaking valve, and in the absence of such knowledge, there is no evidence from which the jury could conclude that he was guilty of negligence in driving the truck into the enclosed wash room where the fire was burning. We cannot agree with this contention. Appellant knew that butane and propane were highly inflammable. He had seen fluid leaking from appellee's trucks on prior occasions. He smelled butane before driving the truck into the enclosure where the fire was burning. This evidence raises an issue of fact concerning knowledge on the part of appellant that butane was leaking or escaping from some part of appellee's equipment. Butane is highly inflammable and is dangerous when it is near an open fire and the evidence shows that appellant had knowledge of that fact. It was not necessary that he should have knowledge of the specific leak to constitute negligence. It was only required that his knowledge should be such that a reasonably prudent person would, under the circumstances, have foreseen danger in driving the truck into the enclosure. 65 C.J.S. Negligence §§ 118, 119, pp. 713, 721; 30–B Tex.Jur. 186, 187, 218, 219, 304; 38 Am.Jur. 861. The evidence, in our opinion, raises a fact issue on this question and justified the submission to the jury of the special issue complained of and supports the jury's finding. Lang v. Henderson, 147 Tex. 353, 215 S.W. 2d 585; Taormina Corp. v. Escobedo, 5 Cir., 254 F.2d 171. The trial court did not err in submitting the issues to the jury and did not err in rendering judgment on the verdict.

The judgment of the trial court is affirmed.