STATE OF FLORIDA, ex rel. FIRST TRUST & SAVINGS BANK, a Florida Corporation, *Plaintiff in Error*, vs. J. JULIEN SOUTHERLAND, and A. B. SMALL, as Judge of the Civil Court of Record for Dade County, Florida, *Defendants in Error*.

142 So. 883.

En Banc.

Opinion filed July 8, 1932.

Petition for rehearing denied September 21, 1932.

*Evans & Mershon, M. L. Mershon,* and *L. L. Robinson,* Attorneys for Plaintiff in Error.

*Shipp, Evans & Kline,* Attorneys for Defendant in Error.

ANDREWS, Commissioner.—Plaintiff in Error, a banking corporation under the laws of Florida, filed its suggestion in the Circuit Court of Dade County and obtained a rule to show cause why a writ of prohibition should not issue to enjoin the Judge of the Civil Court of Record of said County from entertaining further proceedings against the said Bank in its "individual capacity," upon plaintiff's amended declaration filed in a suit which until then had been pending in said civil court of record against said Bank "*as* executor of the estate of one Parker A. Henderson, deceased." The Defendants in Error filed their demurrer to the petition (suggestion) and at the hearing thereon the Judge of the Circuit Court entered an order sustaining said demurrer; thereupon, final judgment was entered discharging the rule *nisi* which had theretofore issued against the plaintiff. From such final judgment this writ of error was taken.

It seems that the Defendant in Error, J. Julien Sutherland, had instituted suit in the Civil Court of Record for Dade County against the First Trust & Savings Bank *as* Executor of the estate of Parker A. Henderson deceased; that a summons was issued to and served upon said Bank in its representative capacity *as* Executor, and that the Bank entered its appearance as Executor of the said estate. That in such suit the amended declaration alleges that the said Bank *as* Executor of said estate employed the Plaintiff to foreclose a certain mortgage and agreed to pay the Plaintiff for his services such fee as the Court might de-

termine to be reasonable, also to reimburse him for monies advanced in connection with said foreclosure; that the bill of particulars attached to such amended declaration stated an indebtedness to Plaintiff from said Bank *as* Executor of said estate; that after the Bank had filed pleas of the general issue, it tendered a demurrer to the amended declaration upon the ground that the alleged liability did not appear to be one against the said estate, and filed a motion for leave to file said demurrer serving the Plaintiff with notice that the motion and demurrer would be called up for hearing; that at the time mentioned in the notice the Plaintiff appeared and asked leave of the Court to amend the amended declaration by striking out from the title and caption of said cause the words ''as Executor of the Estate of Parker A. Henderson deceased,'' and by striking from the said amended declaration the words ''in its official capacity as Executor of the Estate of Parker A. Henderson deceased,'' so that as amended said suit would proceed against the First Trust & Savings Bank as Defendants. The Bank thereupon *as* Executor interposed its written objection to the proposed amendment and moved for a judgment upon its demurrer to the declaration upon the grounds, among others, that the proposed amendment amounted to a dismissal of the said cause of action, and the institution of a new separate suit against a new Defendant without the service of process upon such new Defendant in a manner not provided by law which if it prevailed would result in a judgment to be satisfied only out of the assets of the Bank individually, whereas the declaration as it stood could only result in judgment to be satisfied out of the assets of the said estate. The Judge of the said Civil Court of Record at said hearing entered an order overruling defendant's objections and allowed the said amendment ''so as to make the suit against the Defendant First Trust & Savings Bank a corporation, instead of against the corporation as Executor; also ordered said Defendant Bank to

plead or demur to the amended declaration on or before a date therein specified. Writ of prohibition was issued by the Circuit Court based upon this order.

The petition (suggestion) further alleges that the said amendment *ipso facto* terminated the former action against the sole defendant therein *as* executor of said estate, and that said Court of Record and its Judge were without jurisdiction to revive the cause by the introduction therein of a new Defendant to answer a new separate cause of action. The petition was amended, upon order of the Circuit Court, by adding to the allegation that Petitioner (Bank) has never been served with process nor appeared in said cause, individually.

The demurrer of Defendants in Error to the writ of prohibition was sustained by the Circuit Court and it is from this judgment that writ of error was taken to this Court for review.

The principal question presented for determination here is whether or not the plaintiff in this common law action, instituted against the Bank *as* such Executor for services rendered the estate after the death of the testator, may by amendment substitute the Executor *individually* in place of such individual *as* Executor.

It is also observed that if the Civil Court of Record committed error in permitting the Plaintiff to file the amendment on December 21, 1931, thereby making the Bank defendant *individually,* instead of *"as* Executor,'' where the cause of action for attorney fees was dated July 10, 1928, that the said claim would thereupon be barred by the statute of limitations.

In the case of **Brickell et al. v. McCaskill** et al., 90 Fla. 441, 106 So. 470, it was held that an executor should be sued in his individual capacity on contracts made by him for payment for services of an attorney, rendered the estate upon request of such executor after the death of deceased,

and that if the same was a matter properly chargeable to the estate the amount should be allowed to executor by the probate court in the settlement of his account. See cases and authorities there cited as follows: Kelly v. Odom 139 N. C., 278, 51 S. E. 953; Tucker v. Grace 61 Ark. 410, 33 S. W. 530; 5 Hay (Mass.) 403, 66 Am. Dec. 374; 11 Am. and Eng. Ency. of Law (2nd Ed.) 1240.

In the instant case the suit was originally brought in the civil court of record *against* the Bank *as* executor for services rendered the estate after the death of testator.

In the case of I. Epstein & Bros. v. First Nat. Bank, 92 Fla. 796, 110 So. 354, it was stated that ''if an entirely new case is made by amendment, or entirely different parties made plaintiff or defendant, it would operate as a discontinuance of the original suit.'' See also 21 R. C. L., 586, Sec. 135. In this connection it is observed that Section 2568 Revised General Statutes of Florida, 1920, (4208 C. G. L., 1927), authorizes the striking out of the names of defendants improperly joined at any time before trial, or even at the trial ''if it appears that injustice will not be done by such amendment.''

In the above Epstein case this court approved the following principle of law, which seems applicable here, namely:

''When the summons and declaration, in an action brought before the running of the statute of limitations, are amended after the running of the statute of limitation so as to show that the defendant is sued individually, instead of in a representative capacity, the amendment does not bring in a new party defendant, but merely changes the capacity in which the same defendant is sought to be charged, and therefore the defendant cannot contend that the action is barred by the statute of limitation.''

The above quoted principle of law is taken from one of the leading cases on that subject, namely: Boyd v. United State Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999,

9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146. See also McCormick v. Robinson 139 Minn. 483, 167 N. W., 271. See also Plunket v. Dandy 197 Ala. 262, 72 So. 525; Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19. See also 21 R. C. L. 584-585, Sec. 134; 24 C. J. 825-826, sec. 2070.

The authorities generally agree that changes in the character or *capacity* in which a defendant is charged are permissible so long as the cause of action remains the same, and a suit against one in a representative capacity may be changed so as to charge him as an individual, or a suit against one in an individual capacity may be changed so as to charge him in a representative capacity. So it is generally held that ''if a defendant is sued as executor or administrator the pleading may be amended to charge him personally and vice versa.'' See 47 C. J. 244-245, sec. 472; 24 C. J. 825-826, sec. 2070, and many cases there cited.

No error having been committed by the Circuit Court in sustaining the order of the civil court of record in permitting the plaintiff to amend the declaration so the suit would stand against the defendant Bank in its individual capacity instead of as executor, the judgment of the circuit court is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below be, and the same is hereby, affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J.J., dissents.