STATE OF FLORIDA, ex rel. FIRST TRUST & SAVINGS BANK, a Florida Corporation, *Relator*, v. J. JULIEN SOUTHERLAND, *and* A. B. SMALL, as Judge of the Civil Court of Record, within and for Dade County, Florida, *Respondents*.

146 So. 566.

Division B.

Opinion filed February 14, 1933.

Rehearing denied March 9, 1933.

*Evans, Mershon & Sawyer,* for Relator;

*Shipp, Evans & Kline,* for Respondents.

BUFORD, J.—This case was before the Supreme Court on writ of error to a judgment of the Circuit Court dismissing a *rule nisi* in prohibition directed to the Judge of the Civil Court of Record of Dade County, Florida. See 142 Sou. 883. The case is before us now on demurrer to the petition for writ of prohibition and motion for judgment on the pleadings and for a peremptory writ of prohibition.

Having considered the record, the briefs and argument of counsel, we find that there appears to be presented here no

sufficient argument or citation of authority to warrant us in overruling or departing from what was said in the case of State ex rel. First Trust & Savings Bank, a Florida Corporation, v. J. Julien Southerland and A. B. Small, 142 Sou. 883. The demurrer should be sustained and the rule to show cause heretofore issued herein should be discharged on authority of the opinion and judgment in the case of State ex rel. First Trust & Savings Bank etc., v. Southerland, et al., filed on July 8th, 1932, and reported 142 Sou. 883.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

BROWN, J., dissents.

BROWN, J. (Dissenting).—If the case cited (142 So. 883) be adhered to, as to the right to amend the declaration, so that the case would stand against the defendant in its individual instead of its representative capacity, it would still seem necessary, on order to obtain jurisdiction of the defendant in the new and different capacity, that it should be served with process in such capacity, unless it voluntarily appears in that capacity. A defendant should be served with process in the capacity in which he is sued, as determined by the declaration. See Speight v. Horne, 133 So. 574, 10 Fla. 101.