89 So.2d 662 (1956)
Angel CABOT, Appellant,
v.
CLEARWATER CONSTRUCTION COMPANY, a Florida corporation, Appellee.
Supreme Court of Florida. Division A.
September 26, 1956.
C.J. Hardee, Jr., and Frank McClung, Tampa, for appellant.
Mann, Harrison, Stone, Roney & Mann, St. Petersburg, for appellee.
THORNAL, Justice.
Appellant Cabot, who was plaintiff below, seeks reversal of an order sustaining a motion to dismiss his complaint and refusing to permit an amendment thereto.
The point for determination is whether the court committed error in denying the plaintiff-appellant the privilege of amending *663 his complaint under the circumstances hereafter related.
On November 8, 1954, appellant Cabot filed his complaint against "Clearwater Construction Company, a corporation organized and existing under the laws of the State of Florida". On the same day process was issued against "Clearwater Construction Company, a corporation organized and existing under the laws of the State of Florida". The summons was served on November 9, 1954. The return of the sheriff shows that it was served on "Robert M. Snyder, sole owner of Clearwater Construction Co. not incorporated the within named defendant". Subsequently, Robert M. Snyder appeared specially and moved to dismiss the complaint or to quash the process and service. The grounds of the motion were that the complaint was against Clearwater Construction Company, a corporation, which is a non-existing corporation; that the return of service recited that the summons was served on Snyder, as sole owner of Clearwater Construction Co., not incorporated.
At the hearing on the motion, appellant requested permission to amend his complaint by showing the defendant to be "Robert M. Snyder, doing business as Clearwater Construction Company, not incorporated", in lieu of Clearwater Construction Company, a corporation. The motion to amend was denied. The motion to dismiss was granted. Reversal of the final order granting the motion to dismiss and denying the motion to amend is sought by this appeal.
Appellant contends that the words "a corporation organized and existing under the laws of the State of Florida" are merely descriptive of the appellee-defendant. He contends that the proper party-defendant was actually served; that he had due notice of the proceeding against him, and, finally, that the proposed amendment would not have added a new party nor would it have changed the cause of action.
The appellee-defendant contends that there was a failure of proper service of process; that the proposed amendment would have substituted an entirely new and different party-defendant, and finally, that the cause was properly dismissed.
In arriving at a solution to the problem we must consider subparagraphs (c) and (e) Rule 1.15, Florida Rules of Civil Procedure, 30 F.S.A. which read as follows:
"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."
"(e) Amendments Generally. The court may at any time in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceedings, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties."
A latent problem which does not appear in the record but which was discussed by the parties through their counsel at oral argument is that the alleged cause of action arose November 8, 1950, and the suit was filed November 8, 1954. Conceivably if the complaint is dismissed and the filing of a new suit required, our four-year statute of limitations would have run against the cause stated in the new complaint.
The general rule appears to be that whether an amendment of process or pleading changing the description of a party from a corporation to an individual or vice versa after the statute of limitations has run introduces a new party or new cause of action depends upon whether the *664 mis-description is interpreted merely as a misnomer or defect in the characterization of the party or whether it is deemed an entire change of parties. If the former, the amendment relates back to the commencement of the action. If the latter, the amendment amounts to the institution of an entirely new action. See Barron and Holtzoff, Federal Practice and Procedure, Sec. 448; Moore's Federal Practice, 2nd edition, Sec. 4.44.
Admittedly, there are two opposing lines of authority on the propriety of permitting an amendment after the running of the statute of limitations which changes the description of the defendant from that of a corporation to an individual. A number of states lean to the view that such an amendment works an entire change of the parties and is tantamount to asserting a new cause of action. These authorities require the filing of an entire new complaint. On the contrary, there is an equally respectable line of cases which hold that if the basic cause of action is not changed and the amendment merely corrects a misnomer or description of the party-defendant, then it is not tantamount to a new cause of action. Most of the Federal cases appear to be aligned with the latter view. It is our view that since the adoption of our New Rules of Civil Procedure on January 1, 1950, Florida can more appropriately align itself with the more liberal view in allowing amendments of this nature. Prior to that date Florida pleading and practice was governed almost entirely by the strict rules and formalities of the common law.
Admittedly, prior to our new rules, the trial judge in this case would have been on very sound ground in denying the requested amendment. This is so because the common law required that the writ strictly follow the declaration or complaint. Our above quoted rules governing amendments, however, as well as other related rules, have introduced much greater liberality into our system of pleading and practice. Now the objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the "tricks and technicalities of the trade". The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
There are many cases which hold to the rule that the amendment of a complaint by describing a defendant as an individual or as a partnership rather than as a corporation as in the original complaint is merely a change in the description of the party-defendant to speak the truth. These cases stand firm on the proposition that such an amendment is not objectionable as working an entire change of parties. These authorities go on the notion that the new rules and statutes allowing amendments are broad and liberal and must be administered with liberality. Ex parte Whitt, 238 Ala. 33, 189 So. 71; Ewart v. Cunningham, 219 Ala. 399, 122 So. 359; King v. Solomon, 323 Mass. 326, 81 N.E.2d 838, 8 A.L.R.2d 1, at page 171; Blackwood v. Spartanburg Commandery No. 3, Knights Templar, 185 S.C. 56, 193 S.E. 195, 121 A.L.R. 1320, at page 1335; Godfrey v. Eastern Gas & Fuel Associates, D.C., 71 F. Supp. 175; Bowles v. Marx Hide & Tallow Co., D.C., 4 F.R.D. 297.
A particularly helpful precedent is Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871. There the original complaint was against "Manistee Mill Company, a corporation". The court permitted an amendment substituting as defendant V.J. Herlong, doing business under the name of Manistee Mill Company. Alias summons was issued against the latter, after the statute of limitations had run against the claim declared upon. The Alabama court held that the amendment related back to the date of the filing of the original complaint and that the statute of limitations was no defense.
*665 Although this court has not passed directly upon the point, our decision in State ex rel. First Trust & Savings Bank v. Southerland, 106 Fla. 103, 142 So. 883, is of some persuasive value. There the original complaint was against First Trust and Savings Bank, as Executor. After the filing of the complaint in the course of the proceeding the statute of limitations would have run against the claim alleged in the complaint. Subsequently, the court permitted an amendment to the complaint suing the bank individually rather than as an executor. This court held that the amendment was merely a change in the character or the capacity in which the defendant was charged. We held that the change did not work a change in the cause of action. We concluded that the amendment related back to the date of the filing of the original complaint. It did not result in a discontinuance of the original suit. The statute of limitations was not available as a defense against the amended complaint. See also I. Epstein and Bro. v. First National Bank, 92 Fla. 796, 110 So. 354, where Manistee Mill Co. v. Hobdy, supra, was cited with approval.
Before concluding we point out that in the case at bar the appellee's motion to dismiss shows that the originally named defendant was a "non-existing corporation". The original suit was against "Clearwater Construction Company". The summons was served on Snyder "as sole owner of Clearwater Construction Co." The amendment requested would not in any fashion change the cause of action. Actually, according to the return of the sheriff the real party-defendant was served. His own special appearance and participation in the cause suggests that he obviously had notice of the proceeding against him.
It is our view that the words "a corporation organized and existing under the laws of the State of Florida" were merely descriptive of the real defendant. True, it was an erroneous description. However, it was a description that could be amended under the circumstances shown by this record without resulting in the introduction of new parties or the pleading of an entirely new cause of action.
We hold therefore that the motion to amend should have been granted and the cause permitted to proceed accordingly.
The order sustaining the motion to dismiss is reversed and the cause is remanded with directions to grant the motion to amend and thereafter proceed in accordance with this opinion.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.