196 So.2d 190 (1967)
Georgia ARGENBRIGHT and Clarence Argenbright, Her Husband, Appellants,
v.
J.M. FIELDS CO., a New Jersey Corporation et al., Appellees.
No. 66-282.
District Court of Appeal of Florida. Third District.
February 28, 1967.
Rehearing Denied March 28, 1967.
*191 Hubert G. Roberts, Hialeah, for appellants.
West, Feder & Goldman, Miami, for appellees.
Before PEARSON and SWANN, JJ., and NATHAN, RAYMOND G., Associate Judge.
SWANN, Judge.
The plaintiff, Georgia Argenbright, slipped and fell twice  once in a store of the defendants and once in the maze of corporate entities set up by the defendants' principals. While we cannot undo the effects of the first fall, we can try to undo the effects of the second.
On September 9, 1961, Mrs. Argenbright slipped and fell in a store located at 16650 N.W. 27th Avenue, Opa Locka, Dade County, Florida. It was represented to her by the agents and employees that the store was owned and operated by "J.M. Fields Co."
On August 18, 1965, Mrs. Argenbright, joined by her husband, filed her complaint against "J.M. Fields Co., a New Jersey corporation," authorized to do business in the State of Florida, (hereinafter referred to as "Fields"). The complaint clearly alleged that Mrs. Argenbright's fall had occurred in the store located at the above address in Opa Locka. Service was made upon Fields, through Howard Jacobsen, its resident agent.
On September 9, 1965, Fields, through its attorney, filed a motion to dismiss for failure to state a cause of action and failure to state a cause of action upon which relief may be granted.
This motion having been denied, Fields filed an extensive list of form interrogatories on September 28, 1965. In addition to these printed form interrogatories, they typed in the following:
* * * * * *
"34. State specifically the exact date of the accident alleged in the complaint.

*192 "a. State the approximate time.
"b. State the approximate location in the premises."
Fields also filed a motion to produce income tax returns and medical bills.
On September 28, 1965, Fields filed its answer in which all allegations pertaining to Fields were denied, including the allegation that Fields "is a corporation organized under the laws of the State of New Jersey and licensed to do business in the State of Florida." Fields also raised the affirmative defense of contributory negligence.
On October 18, 1965 Fields moved to compel answers to interrogatories.
On December 7, 1965, with the Florida four year period of limitation theoretically a thing of the past, Fields apparently decided that there was no need to prolong matters further. It filed a motion for summary judgment with a supporting affidavit from Fields' treasurer to the effect that Fields never owned or operated the store in which Mrs. Argenbright fell.
On January 10, 1966 the plaintiffs sought to amend their complaint to include as a party defendant, inter alia, J.M. Fields of East Florida, Inc., a Florida corporation (appellee herein). Service was again made on Howard Jacobsen, this time as resident agent of J.M. Fields of East Florida, Inc., (hereinafter referred to as "East Florida").
East Florida answered on January 20, 1966, through the same attorneys, admitting that it owned and operated the store and raising the affirmative defense of statute of limitations. The same day, East Florida moved for judgment on the pleadings on the grounds that the action was barred by the statute of limitations. This motion was granted and final judgment was entered, from which the plaintiffs have taken this appeal.
With reference to amendments, as provided for by subparagraphs (c) and (e), Rule 1.15, Florida Rules of Civil Procedure, 30 F.S.A.,[1] our Supreme Court has said:
* * * * * *
"* * * No longer are we concerned with the `tricks and technicalities of the trade'. The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize." Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662, at p. 664.
* * * * * *
The court, in Cabot, then allowed an amendment to the pleadings which changed the defendants from "Clearwater Construction Company, a corporation organized and existing under the laws of the State of Florida" to [an individual] "Robert M. Snyder, d/b/a Clearwater Construction Company, not incorporated." This was held to relate back to the time of the original complaint, thus enabling the plaintiff to avoid the bar of the statute of limitations. See also 1A Barron & Holtzoff, Federal Practice and Procedure, § 448.
In Taormina Corporation v. Escobedo, 254 F.2d 171 (5th Cir.1958), the plaintiff was allowed to amend his complaint (after *193 the statute of limitations had theoretically run) to include as a party defendant the Taormina Company, a partnership. The original complaint had been filed against Taormina Corporation and three members of the ten member partnership as individuals. Judge Jones, speaking for the Fifth Circuit, commented that Federal Rule 15 (c),[2] (which at the time was essentially the same as our Rule 1.15(c)), "was designed so that cases would be determined on their merits and not on technicalities." He pointed out that:
* * * * * *
"* * * The true interests were not disclosed and disclosure was studiously avoided. We do not say that the partnership was required to make any disclosures but it should not be permitted to benefit by not having done so. It was the entity by which he was employed against which he had an intended to assert a claim. Those who had the liability had notice of the suit. * * *"
* * * * * *
Similarly in Hartford Acc. & Ind. Co. v. Interstate Equip. Corp., 74 F. Supp. 791 (D.N.J. 1947), the plaintiff was allowed to amend its complaint to include a New York corporation as party defendant after the statute of limitations had run. The court stated that:
* * * * * *
"While it is true that, as a general rule, there would be no obligation upon either the New York or New Jersey corporation or their attorney, to advise plaintiff's attorney of his mistake before the Statute of Limitations had run, as here, and as a general rule, one in the position of a plaintiff's attorney must be diligent in ferreting out the proper parties defendant before suit, as argued by defendant's attorney * * * However, no such rules, or absence of rules, can be raised to defeat a party where, by the overt acts and inexcusable conduct of the other, he has been lulled into a position of false security. Particularly is this so where, for purposes of delay, sham pleas have been entered, as here." (at p. 794)
* * * * * *
It was also observed that:
* * * * * *
"* * * [T]he only honest answer the New Jersey corporation [original defendant] could file was one in which it would plead no connection whatever with the accident. Had there been no like named and controlled New York corporation, such an answer would undoubtedly have been filed. Under ordinary circumstances one who sues a wholly innocent defendant would learn of his mistake by telephone at once. Such is the normal way of sound practitioners. The attorney for such an innocent defendant would file no answer such as was filed here. One cannot escape the conclusion that the answers filed in these cases were interposed for no other purpose than to lull the plaintiff into a sense of security until the fast running Statute of Limitation would rise up and prevent suits against the New York corporation. Thus serving as an answer in the interest of the New York corporation only. * * *"
* * * * * *
See also Godfrey v. Eastern Gas & Fuel Associates, 71 F. Supp. 175 (D.Mass. 1947).
In the case before us, Fields started off by even denying that it was a corporation organized under the laws of New Jersey and authorized to do business in the State of Florida. The Secretary of State's *194 certificate contradicts this. Fields then undertook extensive discovery procedures including production of the plaintiffs' income tax returns and medical bills, when it undoubtedly knew at all times that it neither owned nor operated the store mentioned in the complaint. No apparent attempt was made to notify plaintiffs of their error.
The certificates of the Secretary of State for Fields and East Florida list the same three directors, president, two vice presidents and resident agent. In addition, they are represented by the same attorneys.
The plaintiffs here sought to sue the owners of the store located at 16650 N.W. 27th Avenue, Opa Locka. This intent was made clear by the plaintiffs' complaint. The store was called J.M. Fields Co. by agents and employees; it was listed that way in the telephone directory, and identified under that name by a sign on the outside of the building.
Jacobsen, the Resident Agent for Fields, upon whom service was originally made, was also amenable to service for East Florida and was in fact served in that capacity later. He was in a better position than anyone to realize immediately that it was East Florida whom the plaintiffs truly sought to sue.
Under those circumstances it would seem unfair to allow East Florida to avoid its rightful obligation through a technical error where it had notice of the plaintiffs' claim from the outset. The language of Justice Holmes in New York Central & Hudson River Railroad Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, 296 (1922), is pertinent to the instant situation: "* * * when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied."
We have examined the cases of Griffin v. Workman, Fla. 1954, 73 So.2d 844; State ex rel. First Trust & Sav. Bank v. Southerland, 106 Fla. 103, 142 So. 883 (1932); and I. Epstein & Bro. v. First National Bank, 92 Fla. 796, 110 So. 354 (1926), and believe that our conclusion is consistent with the rationales expressed therein.
Accordingly, the order granting motions for judgment on the pleadings and final judgment for defendant is reversed and remanded with instructions to reinstate plaintiff's amended complaint against J.M. Fields of East Florida, Inc.
It is so ordered.
NOTES
[1] Rule 1.15:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
(e) Amendments Generally. The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceedings, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
Note slight change in 1967 Revision, Florida Rules of Civil Procedure. See Rule 1.190.
[2] Rule 15(c), Fed.R.Civ.Proc., 28 U.S.C.A., provided:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." (Subsequently amended in 1966).