SWANN, Judge
(dissenting).
I respectfully dissent only from that portion of the majority opinion which holds that the relief sought in the counterclaim, against the co-trustees as individuals was improper.
The majority opinion acknowledges that the trial court was advised of the nature of the counterclaim when it permitted the intervention, and that its order must be interpreted, as an exercise of its proper discretion, in permitting the filing of the claim set forth in the counterclaim. The prayer of the counterclaim sought relief against the appellants, as co-trustees, or individually, and also prayed for general relief. Rule 1.110(b) R.C.P.
In Sessions v. Willard, 126 Fla. 848, 172 So. 242 (1937) a suit was filed against T. E. Willard as “Administrator”. A motion to dismiss, on the grounds that “no relief can be obtained therefor except against T. E. Willard in his personal capacity * * ” was denied, and judgment was entered against the defendant individually. The Supreme Court of Florida affirmed this personal judgment, saying:
“It is first contended that the bill of complaint is fatally defective because it is brought against Willard as administrator and does not make him a defendant individually, and that consequently no decree could be rendered against him other than as administrator.
*286 This contention is without merit * * the bill prays that T. E. Willard be required to account for the assets of the estate in his hands as administrator and that the court decree the payment by defendants to plaintiffs and such other persons of like interest as may join in this suit. Under the 1931 Chancery Act (Acts 1931, c. 14658), it was deemed to have prayed for general relief.
The bill correctly described the status of the parties and recites facts which give complainants a right of action against the defendants personally or as administrators.”
In my opinion, the counterclaim herein also recites such facts.
In State ex rel. First Trust & Sav. Bank v. Southerland, 106 Fla. 103, 142 So. 883 (1932) an action at law was filed against “First Trust & Savings Bank, as Executor of the Estate of Parker A. Henderson deceased.” The summons was issued to and served on the defendants in its representative capacity as executor, and the defendant entered its appearance as executor. After the defendant filed a demurrer, plaintiff moved to amend the complaint by striking from the title and caption the words “as Executor of the Estate of Parker A. Henderson deceased.” In the same manner as appellants in the cause before this court moved to dismiss the counterclaim of appellees, the First Trust & Savings Bank objected to the proposed amendment on the grounds that the same:
“ * * * amounted to a dismissal of the said cause of action, and the institution of a new separate suit against the new defendant without the service of process upon such new defendant in a manner not provided by law which if it prevailed would result in a judgment to be satisfied only out of the assets of the bank individually, whereas the declaration as it stood could only result in judgment to be satisfied out of the assets of said estate.” (142 So. 884).
In affirming the order permitting said amendment, the Supreme Court of Florida stated at page 884:
“The authorities generally agree that changes in the character or capacity in which a defendant is charged are permissible so long as the cause of action remains the same, and a suit against one in a representative capacity may be changed so as to charge him as an individual * * * ”
See also Baskin v. Montedonico, 26 F.Supp. 894 (W.D.Tenn.,1939).
I, therefore, respectfully dissent.