326 So.2d 43 (1976)
HARRIS PAINT COMPANY, Appellant,
v.
MULTICON PROPERTIES, INC., et al., Appellees.
No. Y-121.
District Court of Appeal of Florida, First District.
February 3, 1976.
*44 Ronald W. Young, of Lawrence & Gordon, Tampa, for appellant.
James H. Post and Rutledge R. Liles, of Smith, Hulsey, Schwalbe & Nichols, and Charles Cook Howell, III, Jacksonville, for appellees.
BOYER, Chief Judge.
Appellant, plaintiff below, appeals from the trial court's order dismissing its second amended complaint. The question to be resolved is whether the one year statute of limitations imposed by F.S. § 713.22(1) is applicable.
Appellant filed its original complaint against appellee Multicon Properties, Inc., an Ohio corporation engaged in the buying and selling of real estate. That complaint sought to foreclose a mechanic's lien filed in the public records of Duval County less than one year before the filing of the complaint. When Multicon Properties filed a motion to dismiss, appellant abandoned its original complaint and, without court order, filed its first amended complaint, dropping Multicon Properties as a defendant while adding Insurance Company of North America and Multicon Construction Corporation as defendants. Multicon Construction is another Ohio corporation engaged in the business of commercial construction contracting. The original complaint filed by appellant alleged that Multicon Properties owned the subject property, but the first amended complaint alleged that Multicon Construction owned the property. With appellant's approval, after appellant had already filed its first amended complaint, the lower court entered an order granting the pending motion to dismiss the initial complaint and allowing the filing of the first amended complaint. The trial court then granted a motion to dismiss the first amended complaint but with leave to amend. Appellant thereupon filed a second amended complaint retaining INA and Multicon Construction as defendants and adding Multicon Properties as an additional defendant. This last complaint, which alleged that Multicon Properties was the owner of the subject property, was filed eighteen months after appellant recorded its claim of lien and six months after the one year period of limitations imposed by F.S. § 713.22(1) had lapsed. Multicon Properties thereupon filed its motion to dismiss based on the statute of limitations.[1]
Appellant makes no allegation, by way of pleading nor otherwise, of fraud, estoppel, nor misrepresentation. (See Argenbright v. J.M. Fields Co., Fla.App.3rd 1967, 196 So.2d 190) Indeed, appellant admits in its brief that Multicon Construction rather than Multicon Properties was alleged to have been the owner of the property in question in the first amended complaint through mistake and inadvertence. Thus, the issue before us is whether a party who has filed a complaint against a proper party within the period designated by the statute of limitations and who voluntarily drops that party as a defendant may then re-add that party defendant after the statute of limitations has run. For reasons expressed below, we hold that he cannot.
A fundamental purpose of the limitation periods established by F.S. § 713.22(1) and § 713.24(4) is the speedy determination of mechanic's lien claims. (Jack Stilson and Co. v. Caloosa Bayview Corp., Sup.Ct.Fla. 1973, 278 So.2d 282) The circumstances of this case present no valid reason for failing to apply the statute of limitations. To hold otherwise would render the very purpose of the limitation period nugatory. Appellant has relied on Argenbright v. J.M. Fields Co., supra, to support its assertion that the statute of limitations should *45 not be applied. However, in the Argenbright case, the actions of the defendant misled the plaintiff and caused the statute of limitations to run, whereas in the instant case, the statute ran because of a simple mistake. This case is more closely analogous to Barrentine v. Vulcan Materials Co., Fla.App. 1st 1968, 216 So.2d 59, wherein a party plaintiff attempted to refile an action after the limitations period had lapsed and where the action had originally been dismissed for failure to prosecute. In both instances, the appellant's own action (or inaction) caused the statute of limitations to run.
Affirmed.
RAWLS and McCORD, JJ., concur.
NOTES
[1] Appellant has not raised as an issue before us the propriety of dismissing a complaint when it appears on its face that the statute of limitations has run as distinguished from permitting the statute of limitations to be raised as an affirmative defense for the purpose of summary judgment. See Rule 1.110(d), RCP. We here express no opinion as to the propriety of that procedure, and since it has not been raised we do not address the issue.