335 So.2d 623 (1976)
John S. HAMILTON et ux., Appellants,
v.
LARGO PAINT & DECORATING INC., Appellee.
No. 76-85.
District Court of Appeal of Florida, Second District.
July 28, 1976.
John P. Frazer of Frazer & Hubbard, Dunedin, for appellants.
Robin A. Vaillancourt & Gary A.H. Laursen of Vaillancourt & Laursen, Largo, for appellee.
*624 McNULTY, Chief Judge.
Appellants bring this interlocutory appeal from an order denying their motion to dismiss appellee's complaint on the ground that the action was barred by the limitation period within the mechanic's lien law. We agree with appellants and reverse.
On November 27, 1972 the appellee Largo Paint and Decorating, Inc. recorded a claim of lien in the sum of $2,138.94 for the installation of certain carpeting in appellants' residence. On February 22, 1973, Largo Paint and Decorating did file its complaint to foreclose the lien. More than two years thereafter, however, on April 14, 1975, when no action had been taken for more than one year, the trial court on its own motion and after due notice dismissed the suit for lack of prosecution pursuant to Rule 1.420(e), R.C.P.
Largo Paint and Decorating then filed a new suit on September 18, 1975, again seeking to foreclose its lien in Count I thereof and, alternatively in a Count II, praying for damages for breach of contract arising out of the same transaction upon which the lien was predicated. Appellants filed a motion to dismiss and to strike the mechanic's lien count on the grounds that the cause was barred by the one year limitation period prescribed § 713.22(1), F.S. 1973, and to dismiss the breach of contract count as being less than the minimum jurisdiction of the circuit court. The trial court denied these motions on December 15, 1975 holding that, although the mechanic's lien law requires suit to be brought within one year from the filing of the claim of lien, the statute was tolled during the period within which the first suit was pending. We disagree.
It appears settled in Florida that when an action is dismissed for lack of prosecution the time during which it is pending does not toll a statute of limitations and cannot be deducted from the total elapsed time in computing such statute.[1] The error is patent.
It follows, therefore, that the foreclosure count of the complaint herein must fall. As a consequence, the remaining count praying for damages in a sum less than the minimum jurisdiction of the circuit court should be transferred to the county court pursuant to Rule 1.060(a), R.C.P.
In view whereof, the order denying appellants' motion to dismiss and strike the lien foreclosure count should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] See Barrentine v. Vulcan Materials Company (Fla.App.1st, 1968), 216 So.2d 59. Also cf. Harris Paint Company v. Multicon Properties, Inc. (Fla.App.1st, 1976), 326 So.2d 43.