WARREN, LAMAR, Associate Judge.
This is an appeal by one of the defendants in the suit below, Golconda Corporation, from a final judgment against it awarding damages to the plaintiffs-appel-lees who were suing for the use and benefit of an insurance company.
A fire occurred at the trailer home of the plaintiffs, a defective pressure regulator in the gas system apparently causing fire damage to a trailer. It was alleged in the complaint that the regulator was manufactured by Bastion-Blessing Company, predecessor corporation of Golconda Corporation.
The two appeal points raise the questions whether the action was barred by the running of the applicable statute of limitations (Section 95.11, Florida Statutes), and whether there was evidence from which the court could conclude that the defendant was guilty of negligence in the manufacture of the regulator.
The complaint was filed on June 24, 1974, against Bastion-Blessing Company, and others, for damages by fire occurring June 29, 1971, which filing was five days before the *434 statute took effect. A stipulated exhibit appearing in the record on appeal indicates that Bastion-Blessing was dissolved before suit was filed, and was consolidated with another corporation into a new entity, which in turn was merged into Golconda Corporation, also before suit. An amended complaint, naming Golconda as a defendant, was filed August 26, 1974, after the limitation period.
Golconda filed its answer, and before responding to the allegations of the complaint it stated that it was “appearing voluntarily since service of process has not been made upon it.” The defense of the statute of limitations was also pleaded. Trawick’s Fla. Prac. and Proc., § 10-8.
Under the first point defendant argued that proper service of process was never made on either Bastion-Blessing or Golconda, although admittedly a copy of the complaint was sent to the latter. Basically, the argument was that service was not completed because plaintiffs failed to file either a return receipt or an affidavit of service as to either Bastion-Blessing or Golconda as required by Section 48.161, Florida Statutes.
A careful examination of the evidence offered appears to bear out that, while the plaintiffs after amending their complaint sent a copy of it to Golconda, a return receipt and an affidavit of compliance were not filed. Service therefore was not completed.
Defendant, also urges under this point that, when the complaint was amended, changing the name of the alleged manufacturer from Bastion-Blessing to Golconda Corporation, the statute of limitations had taken effect, since the amendment was made several months after the statute had run. The exhibit heretofore referred to showed that the former company was dissolved May 6,1969, resulting in a new entity being formed, which in turn was merged September 15,1970, into Golconda, creating still another entity, all of these events occurring before the regulator was installed and some years before suit was filed. The statute clearly barred the action against Golconda, a new party. Cf. Harris Paint Company v. Multicon Properties, Inc., 326 So.2d 43 (Fla. 1st DCA 1976); 51 .Am. Jur.2d, Limitations of Actions, § 294.
The plaintiff, in opposing the assertion that the statute had run, relied on Section 608.24, Florida Statutes, which was in effect at the time the action was brought, dealing with the liability of corporations where consolidation or merger had occurred. An examination of Ch. 28170, Laws of Florida (1953), which adds Chapter 608 to the Florida Statutes, does not indicate that the section applies to the consolidation or merger of solely foreign corporations.
Plaintiff also cited Cabot v. Clearwater Construction Company, 89 So.2d 662 (Fla.1956), where an amendment to the complaint was sought, after the statute of limitations had become effective, changing the description of the defendant from that of a corporation to an individual. In that case the return of the service of process on the corporation showed that the named company was solely owned and not incorporated; the real party-defendant had been served, however, and by his special appearance and participation in the cause he had notice of the proceedings against him. The court held that the erroneous description of the defendant could be amended under the circumstances without the introduction of new parties or the pleading of a new cause of action.
A decision of some interest is that of Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970). Therein an action for personal injuries had been filed against Viele Groves, Inc., a Florida corporation, which corporation actively defended the suit. In response to a request for admissions it was discovered by plaintiffs that the true owners of the property were one Viele and his wife, but the statute ran before an amendment was filed, and the cause was dismissed. The court noted that Viele had notice of the plaintiff’s claim and of the suit from the outset, summons having been served upon him as president of the corporation, and that it was obvious that he was aware of *435 plaintiff’s mistake. The court stated, “The pleadings filed and other actions taken by Viele Groves, Inc., in this suit were of a nature calculated to lead the plaintiff to believe that she had sued the correct party. Under these circumstances, we are of the opinion that Charles E. Viele, the party which the plaintiff intended to sue, was in fact before the court, and that the effect of the proposed amendment is merely to correct a misnomer.” The order of dismissal was reversed. Of like effect, see Argenbright v. J. M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967).
In view of the above it is unnecessary to go to the second point; it is observed nevertheless that proof was not found in the evidence that Bastion-Blessing supplied the pressure regulator that was installed in the trailer home, even though it was shown that the regulator was manufactured by that company.
Reversed.
BOYER, C. J., concurs.
RAWLS, J., specially concurs.