342 So.2d 105 (1977)
B & H SALES, INC., Appellant,
v.
The FUSCO CORPORATION, d/b/a Sunshine Associates, Appellee.
No. 76-1113.
District Court of Appeal of Florida, Second District.
February 2, 1977.
*106 Roland D. Waller of Altman & Waller, New Port Richey, for appellant.
Richard M. Robbins, Clearwater, for appellee.
OTT, Judge.
Appellant, plaintiff below, appeals from an order granting defendant-appellee's motion to dismiss. The court below, having found that the appellant had failed to name the true fee simple owner of certain real property as a proper party defendant by its correct corporate name, dismissed the action for failure to file suit within one year as required by Section 713.22(1), Florida Statutes. Under the circumstances disclosed in the record (hereinafter discussed) we find the trial court erred in its understanding and application of the law and must, therefore, reverse.
The appellant is a materialman to a contractor (Mark Fame, Inc.) on a construction project. Mark Fame, Inc. had contracted with "Sunshine Associates, Inc.," as "owner," to install a water and sewer system. The appellant furnished materials to Mark Fame, Inc. in May and June of 1974. On September 11, 1974, (within the time allowed by law), appellant filed its claim of lien against the real property and named Sunshine Associates, Inc. as the owner. On December 9, 1974, (again, well within the time allowed by law) the appellant filed suit to foreclose its claim of lien, again naming Sunshine Associates, Inc. as defendant. Service was obtained on the owner's representative at the job site as "President" of "Sunshine Associates, Inc.."
Various defensive pleadings were filed including a motion to abate and an answer with affirmative defenses. Responses were made to appellant's interrogatories, request for admissions and request for production of documents. All defensive pleadings and responses were made in the name of "Sunshine Associates, Inc." These contained admissions of "ownership" of the property and that the construction was commenced; that it had made progress payments under the contract and held certain remaining contract funds; that it was in a dilemma over the pending bankruptcy of Mark Fame, Inc., and many other such matters.
Upon appellant's motion for summary judgment, it was first disclosed that the correct corporate name of the fee simple owner of the real property in question was The Fusco Corporation, and, as such, was *107 not named as a party to the action. At this time it was further established that there was, in fact, an actual Miami corporation by the name of "Sunshine Associates, Inc.," which had no connection with the property or the parties to this action. The appellant was given leave to amend and filed an amended complaint on March 16, 1976 (some one year and three months after the filing of the claim of lien). The amended complaint alleged that The Fusco Corporation was the owner of the property involved and, doing business as Sunshine Associates, Inc., had entered into the contract with Mark Fame, Inc.[1]
After granting appellee's motion to dismiss, the court below denied appellant's petition to reconsider the dismissal.
At issue is the application of Section 713.22(1), Florida Statutes.
No lien ... shall continue for a longer period than one year after the claim of lien has been recorded unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.
The lower court held for the appellee, reasoning that appellant's claim was barred since the claim was not brought against the true owner by its correct corporate name within one year of the filing of the claim of lien.
This court finds no fault with appellee's authority concerning the application of statutory limitation periods.[2] Nevertheless, we feel that to literally enforce the one year limitation of Section 713.22(1) would  in light of the circumstances in this case  be both manifestly unjust and inconsistent with the decisions bearing on the question.
Where a plaintiff clearly sues the wrong corporate party, the mistake cannot be remedied after the period of limitations has elapsed any more than in the case where a wrong individual has been sued. 51 Am.Jur. Limitation of Actions, § 294 (1970) It is well established, however, that if  after the statute of limitations has run  a substitution of a corporation as a party defendant for another corporation amounts to no more than rectifying a misnomer, the statute of limitations will not be a bar.[3] Thus, we agree with appellant's contention that under the above facts his amended complaint amounted to no more than a correction of a misnomer, and therefore, related back to the original pleading as provided by Fla.R.Civ.P. 1.190(c).[4]
*108 In Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967), the Third District Court of Appeal's reversal in plaintiff-appellant's favor was based upon facts indicating that while the original defendant ("J.M. Fields Co., a New Jersey corporation") and the substituted defendant ("J.M. Fields of East Florida, Inc.") were, in fact, separate and distinct corporations they not only shared a similar name, but also had the same agent for service and employed the same attorneys. The court found that the appellee had had notice of the plaintiff-appellant's action from the outset and was not prejudiced by the substitution of names. The court held:
Under those circumstances it would seem unfair to allow [the defendant] to avoid its rightful obligation through a technical error where it had notice of the plaintiff's claim from the outset. 196 So.2d at 194.
The Argenbright court cited with approval the language of Justice Holmes in New York Central & Hudson River Railroad Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294 (1922):
[W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and ... a liberal rule should be applied.[5]
In the Argenbright case the actions of the defendant-appellee misled the plaintiff-appellant and caused the statute of limitations to run. The Fourth District Court of Appeal considered a similar situation in Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970). There the court found that "the pleadings filed and the other actions taken by [the named defendant  a `shell' corporation] ... were of a nature calculated to lead the plaintiff to believe that she had sued the correct party." Galuppi, supra at 411. The court held that the amendment to the complaint, changing the description of the defendant from that of a corporation (Viele Groves) to its president as an individual (Charles E. Viele), related back to the commencement of the action so as to defeat a defense based upon the statute of limitations.[6]
In Cabot v. Clearwater Construction Company, 89 So.2d 662 (Fla. 1956), the Florida supreme court held that an erroneous description of a defendant could be amended under the circumstances without the introduction of new parties or the pleading of a new cause of action. An important consideration of the court in reaching its decision was stated as follows:
No longer are we concerned with the ... `technicalities of the trade.' The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize. 89 So.2d at 664.
HOBSON, Acting C.J., and McNULTY, J., concur.
NOTES
[1] The record below sheds some light on the confusion surrounding Sunshine Associates, Inc. In response to the court's question "Is there a Florida corporation called Sunshine Associates, Inc.?", appellee's attorney responded, "... Tallahassee advised me that its a Miami based corporation, at least all the officers, resident agents and everybody [are] in Miami. It's a Miami based corporation with Miami interests."

The lower court judge further noted that "for the purpose of this motion [to dismiss], I have to assume that there is a Florida corporation called The Fusco Corporation and that that corporation was doing business as Sunshine Associates, a fictitious name at the appropriate time and place."
[2] Jack Stilson & Co. v. Caloosa Bayview Corp., 278 So.2d 282 (Fla. 1973); Harris Paint Co. v. Multicon Properties, Inc., 326 So.2d 43 (Fla. 1st DCA 1976). Cf. Hamilton v. Largo Paint & Decorating, Inc., 335 So.2d 623 (Fla. 2d DCA 1976); Golconda Corp. v. Newton, 336 So.2d 433 (Fla. 1st DCA 1976).
[3] 51 Am.Jur., supra. See Cabot v. Clearwater Construction Co., 89 So.2d 662 (Fla. 1956); Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970); Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967).
[4] Fla.R.Civ.P. 1.190(c) provides:

When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
Cf. Jack Stilson & Co. v. Caloosa Bayview Corp., 278 So.2d 282 (Fla. 1973), in which by way of dicta, the supreme court observed that "A correction or change by way of an amendment to a basic claim or of a timely suit upon the claim is of course allowable." See also Sexton v. Panning Lumber Co., 260 So.2d 898 (Fla. 4th DCA 1972), in which the court approved of a liberal posture in allowing amendments  citing part (e) of Rule 1.190.
[5] See Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla. 3d DCA 1974), in which Kinney was cited with approval.
[6] Other comments on the problem of a change in parties after a statute of limitations has run may be found at 8 A.L.R.2d 6 (1949).