PER CURIAM.
This is an appeal by the plaintiffs below from an order granting the defendant’s motion to dismiss, and dismissing plaintiffs’ amended complaint. We find error and reverse.
The action was for malpractice based on alleged negligence of doctors employed in a hospital in Miami generally known and referred to as Jackson Memorial Hospital. The hospital is operated and administered by “Dade County Public Health Trust d/b/a Jackson Memorial Hospital”, an administrative agency of Metropolitan Dade County.
The action, filed on April 8, 1977, was by Amada Garcia and Victor Garcia, her husband, against Dade County Public Health Trust d/b/a Jackson Memorial Hospital. Service of process was made on the chairman of said agency. In brief, the complaint alleged that negligence of diagnosis and treatment of the plaintiff Amada Garcia by employees of the hospital on February 14, 1975, proximately resulted in the loss of plaintiffs’ child by being stillborn. A motion by defendant to dismiss on numerous grounds was granted, followed by an agreed order to amend, pursuant to which the plaintiffs filed an amended complaint. The latter added allegations that on February 11, 1977 [which was three days before the applicable two-year statute of limitations would have run], plaintiffs filed a medical mediation claim against “Jackson Memorial Hospital, Inc.”, and on February 18, 1977, process was served on a named person who was the same person upon whom, as the authorized agent of the defendant, service of process was made later in the subsequently filed law action;[1] and further alleged that the medical mediation proceeding was terminated on or about March 22,1977, when there was no response thereto by answer as required, within the time provided therefor.[2]
The defendant moved to dismiss the amended complaint, stating as grounds (1) that the plaintiffs had “failed to comply with the prerequisites of Medical Mediation Claim, pursuant to § 768.133, Fla.Stat. FSA”, and (2) that it affirmatively appeared the action was barred by the statute of limitations. Acting thereon the court entered the order appealed from, by which the motion to dismiss was granted and the amended complaint was dismissed.
*636 In support of the dismissal of the action, the defendant-appellee argues that because the medical mediation claim named as defendant Jackson Memorial Hospital, Inc. (which it says does not exist as an entity) instead of naming as defendant Dade County Public Health Trust d/b/a Jackson Memorial Hospital, and prior to loss of jurisdiction of the medical mediation proceeding did not amend the claim to state as defendant the correct name of the party against whom the claim was held, the medical mediation proceeding which was filed did not toll the statute of limitations, and thereby the subsequent action (which a mediation claim would have made timely) was barred by the statute of limitations.
That argument has logic, but for it to be valid it would be necessary to conclude that the medical mediation claim that was filed was wholly ineffective. We are impelled to hold the contrary. In reaching this conclusion we note that “Jackson Memorial Hospital” is a part of the name of the administrative agency responsible for the acts of the staff or employees of said hospital; that service of process on the medical mediation claim was made on the person who was the proper person to be served on such a claim against the administrative agency; that by reason of such service the agency had knowledge of the claim and that it was based on alleged negligence of staff or employees of the hospital; that normally such an error in the naming of the defendant would be called to the claimants’ attention by the party served, informally, or by answer; that had such been done, a simple amendment would have sufficed; that failure to so respond within the time for filing answer (contrary to normal procedure) constituted purposeful inaction which lulled the claimants into reliance on their filed claim as being effective, and as tolling the statute of limitations, and we recognize such course of inactivity as a strategy intended to gain dismissal of the medical mediation proceeding and thereby furnish opportunity to contend the statute of limitations had run.
, The authorities inform us that a party’s claim or cause of action should not be permitted to be invalidated in such manner. See Cabot v. Clearwater Construction Company, 89 So.2d 662 (Fla.1956); Argenbright v. J. M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967); Taormina Corporation v. Escobedo, 254 F.2d 171 (5th Cir. 1958); Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., 74 F.Supp. 791 (D.N.J.1947).
The pronouncements in those decisions, as outlined in Argenbright, furnish support for our holding that in the circumstances of this case the medical mediation claim filed prior to the law action was effective, and operated to toll the statute of limitations. Here, as mentioned above, the administrative agency, as a result of service of process on its official who was authorized to accept service for the agency, knew from the beginning that by their medical mediation claim the plaintiffs were setting up and trying to enforce a claim for which the administrative agency was responsible, because of specified conduct of employees of the facility which it governed. Although its name was not correctly or completely stated, as defendant in the medical mediation claim, the service was made on the proper party. See Cabot v. Clearwater Construction Company, supra (89 So.2d at 663).
Under the policy of the law to get away from “tricks and technicalities of the trade”, the procedures relating to the prosecution of an asserted claim should represent an effort to arrive at the truth. In Argenbright, quoting from Cabot v. Clearwater Construction Company, supra, the court said:
“ * * * No longer are we concerned with the ‘tricks and technicalities of the trade’. The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.”
A distinction between this case and the above-cited cases is that in the latter there was involved the question of the effectiveness of the running of the statute of limitations during pendency of such actions after *637 they had incorrectly named the party defendant and prior to the naming of the correct defendant; whereas here the failure to name the defendant correctly was in the medical mediation proceeding prior to filing action. That distinction is not of consequence, because the filing of the mediation claim was as effective in meeting the statute of limitations as would be the filing of a law action on a claim. Here the plaintiffs did file a medical mediation claim, the merits of which, as known all along by the administrative agency, were predicated on alleged conduct of the staff or employees of the hospital which was subject to the agency’s administration. The agency studiously avoided contesting the validity of the medical mediation claim during the period which the rules allowed for response thereto. It was only after its deliberate inaction brought about the termination of jurisdiction of the proceeding and it was served in the subsequent action that the administrative agency claimed the mediation proceeding had been improperly or ineffectively brought. See Argenbright v. J. M. Fields, Co., supra.
Accordingly, the order dismissing the amended complaint is reversed, and the cause is remanded for further proceedings.

. The filing of a Medical Mediation Claim is prerequisite to filing a medical malpractice action, by one having such a claim “on account of alleged Medical Malpractice of any medical or osteopathic physician, podiatrist, hospital, or health maintenance agency” (emphasis supplied), as provided in § 768.44(l)(a), Fla.Stat. (1975).

. The statute provides that the defendant named in such medical mediation claim shall “file an answer to such claim within 20 days of The date of service”, and provides that if no answer is filed within such time limit, the jurisdiction of the mediation panel will terminate, leaving the claimant free to file suit [§ 768.-44(1 )(c)]. Subsection 4 of § 768.44 provides that the filing of the medical mediation claim shall toll any applicable statute of limitations until a written decision therein “or the jurisdiction of the panel is otherwise terminated”, with the claimant being allowed 60 days thereafter in which to file a complaint in the circuit court. [Here the action in the circuit court was filed 45 days after the date of termination of jurisdiction of the medical mediation proceeding.]