# VAN EATON, etc. v BOCA AIRPORT, INC., etc., et al.

### Case No. CL 89-6896 AJ

Fifteenth Judicial Circuit, Palm Beach County

May 3, 1990

## APPEARANCES OF COUNSEL

**Richard Bosse, Esquire,** for plaintiff, Nancy Van Eaton, as Personal Representative of the Estate of Dean Van Eaton, deceased, etc.

**B. J. McClure, Esquire,** for defendant, Teledyne Industries, Inc.

**Dennis M. O'Hara, Esquire**

**Michael Siboni, Esquire**

**Richard M. Dunn, Esquire**

## OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

## ORDER OF DISMISSAL OF DEFENDANT TELEDYNE INDUSTRIES, INC. ONLY

This case came before the court for hearing on April 5, 1990 on the motion to dismiss the amended complaint for lack of in personam jurisdiction filed by Teledyne Industries, Inc. (D. E. 66). Richard E. Bosse, Esq. appeared for the plaintiff; B. J. McClure, Esq. appeared for defendant Teledyne Industries, Inc. The Court heard argument of counsel, reviewed the exhibits filed by Teledyne Industries, Inc. on April 24, 1989, and considered the authority and proposed orders submitted by the parties.

The court makes the following findings of fact:

1. The aircraft accident and death that is the subject matter of this claim occurred on July 13, 1987. The statute of limitations in Florida is two years.

2. The original complaint was filed on July 12, 1989 and served on Teledyne, Inc. on July 14, 1989 through its registered agent, The Corporation Trust Company, in Wilmington, Delaware.

3. Teledyne, Inc. is a Delaware corporation that functions as a holding company. Teledyne, Inc. owns thirty-nine separately incorporated subsidiaries consisting of one hundred fifty-nine separate divisions. Each division has its own distinct management responsible for the business and operation of the division.

4. Teledyne Industries, Inc., a California corporation, is one of the thirty-nine subsidiaries of Teledyne, Inc. Service of summons and complaint on Teledyne Industries, Inc. has not been perfected or attempted. The engine in question, plaintiff argues, was manufactured by an unincorporated subdivision of Teledyne Industries, Inc. called Teledyne Continental Motors.

5. Teledyne, Inc. is a separate and distinct entity from Teledyne Industries, Inc. in that it:

a) is separately owned and operated;

b) maintains separate books, records and bank accounts;

c) does not control the marketing and operational policies of Teledyne Industries, Inc.;

d) maintains a separate and distinct corporate existence from Teledyne Industries, Inc.

6. There is no evidence that Teledyne Industries, Inc. had notice of the pending action prior to the expiration of the statute of limitations on July 14, 1989.

7. Teledyne, Inc. is not involved with the design, manufacture or sale of aircraft or aircraft components. Plaintiff was informed of the fact that Teledyne, Inc. was the wrong party on the following dates:

a) July 25, 1989 Teledyne, Inc.'s motion to dismiss;

b) August 11, 1989 Letter from B. J. McClure to Richard Bosse;

c) August 18, 1989 Teledyne, Inc.'s motion for summary final judgment;

d) August 24, 1989 Affidavits of Bean and Thompson and supporting documents;

e) October 27, 1989 Letter from B. J. McClure to Richard Bosse.

8. Counsel for the plaintiff has attempted to serve Teledyne Industries, Inc. by mailing a copy of the amended complaint to B. J. McClure, counsel of record for Teledyne, Inc.

The court makes the following conclusions of law:

1. The courts lacks personal jurisdiction over Teledyne Industries, Inc. because there has been no service of process upon it.

2. The amended complaint naming for the first time Teledyne Industries, Inc. is an attempt to add a new party as distinguished from correcting a misnomer.

3. Whether an amendment changing the description of a party from one corporation to another after the statute of limitations has run introduces a new party depends upon whether the mis-description is interpreted as a misnomer or defect in the characterization of the party or whether it is deemed an entire change of parties. If the former, the amendment relates back to the commencement of the action. If the latter, the amendment amounts to the institution of an entirely new action. *Cabov v Clearwater Construction Co.,* 89 So.2d 662 (Fla. 19656). Where a plaintiff clearly sues the wrong corporate party, the mistake cannot be remedies after the period of limitations has elapsed any more than in the case where a wrong individual has been sued.

4. Florida courts are not concerned with the tricks and technicalities of the trade. The objective of all pleading is to provide a method for setting out the opposing contentions of the parties. "The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the

price." *Cabot, supra,* at 664. The court is not unmindful of the fact that the plaintiff's claim is of significant monetary amount, and that the statute of limitations expired one day after the complaint was filed.

5. The plaintiff relies upon *Cabot* and *Sexton v Panning Lumber Co.,* 260 So.2d 898 (Fla. 4th DCA 1972). In *Sexton,* service of process was made on the President of Panning Lumber Company who was also the President of the correct defendant, Panning Lumber and Supply Company. Panning Lumber and Supply Company owned 90% of the stock of Panning Lumber Company. In fact, the President was aware of the occurrence two days after it happened, and knew which corporation the plaintiff had intended to sue. For six years preceding trial, the defendant named and served never objected to the misnomer, never notified the court or plaintiff that it was misnamed, never notified the court or plaintiff that the incorrect corporation was sued, and produced discovery of the correct corporate entity. In addition, the corporate purpose of the two corporations was identical; the stockholders were identical; the lumber and truck was labelled with the correct defendant's name; the common name of the corporation was "Panning Lumber" and the merchandise stamped "Panning Lumber."

6. In the legal authority cited by the plaintiff, the correct defendant was served and merely called the wrong name and/or there was activity by the named defendant to lead the plaintiff astray. The case before the court is factually and significantly different. The only factor supporting the plaintiff's position is the fact that the proper defendant is a subsidiary of the served and originally named defendant. The plaintiff is in a posture almost identical to that of the appellee in *Michelin Reinenwerke v Roose,* 462 So.2d 54 (Fla. 4th DCA 1985). In fact, Teledyne, Inc. has done more than the appellant in *Michelin;* Teledyne, Inc. advised the plaintiff immediately of her error, and informed her of the name of the correct defendant. As in *Michelin,* "the plaintiff did nothing on this account until the matter was brought home to plaintiff by the other side's motion for summary judgment." *Id.,* at 56.

It is hereby ORDERED AND ADJUDGED that the motion to dismiss of Teledyne Industries, Inc. is granted. Since both parties agree that the statute of limitations has run on the plaintiff's claim against Teledyne Industries, Inc., the plaintiff does not seek leave to amend.

DONE AND ORDERED this 3rd day of May, 1990 in chambers at West Palm Beach, Palm Beach County, Florida.