PER CURIAM.
Keller Ladders, Inc., n/k/a KLI, Inc. appeals from a final judgment in a personal injury case involving a defective ladder. We find no error in the trial court’s ruling that KLI was the responsible party, in light of the November 14, 2002 answers to interrogatories, the pretrial stipulation, and the manner in which the case was litigated and tried. See Fla. R. Civ. P. 1.190(b) & (c); Bernard v. Kee Mfg., Co., *668 409 So.2d 1047 (Fla.1982) (stating that a predecessor corporation’s liability may be imposed on a successor corporation where the successor expressly or impliedly assumes the obligations of the predecessor); see also Sexton v. Panning Lumber Co., 260 So.2d 898 (Fla. 4th DCA 1972); B & H Sales, Inc. v. Fusco Corp., 342 So.2d 105, 107 (Fla. 2d DCA 1977); Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967). We also find that the trial court did not abuse its discretion in admitting the testimony of the plaintiffs expert, Dr. Morse. He examined both the incident ladder and an exemplar ladder against which to compare his results. Therefore, his opinion was grounded in underlying data. See Carnival Corp. v. Stowers, 834 So.2d 386 (Fla. 3d DCA 2003). Any conflict between Morse’s testimony and the plaintiffs went to the weight of the testimony, not its admissibility.

Affirmed.

GUNTHER, WARNER and GROSS, JJ., concur.